*157
 
 ABBEN, J.,
 

 delivered the opinion of the Court.
 

 The Court is of opinion, that there is no error in so much of the decree as decides that the appellant is entitled to the legacy of 1200 dollars, mentioned in the wilt of the testatrix. But as by the terms of the will the said legacy was payable within one year after the decease of the testatrix, the Court is of opinion there was error in allowing interest thereon from the 28th day of November 1840, instead of allowing interest from a year after the death of the testatrix: the Court being of opinion that although there was no hand to receive the same, it was the duty of the representative of the estate of the testatrix to have invested the same in some interest bearing fund, or to have paid the same into Court to be invested ; and failing to do so, and retaining the fund, he should account for the interest. Burwell’s ex’or v. Anderson, 3 Leigh 348; S. C. 6 Gratt. 405; Bourne’s ex’or v. Meehan, 1 Gratt. 292. And the Court would now proceed to enter such a decree as the Court below should have done, if it appeared *that assets sufficient to pay the same had come to the hands of the appellee. But as the admission of assets was made with reference to the amount of the claim as ascertained by the interlocutory decree, such admission should not bind the party to the payment of the larger amount to which the appellant is entitled.
 

 It is therefore adjudged and ordered, that so much of said decree as conflicts with this opinion, be reversed, with costs to the appellant ; and that the residue be affirmed. Cause remanded for an account of assets, unless a sufficiency to pay the plaintiff’s claim be admitted; and for a final decree according to the principles above declared.