BARKER B. KENT, administrator, *vs.* JOSIAH DUNHAM & mother, executors.

BARKER B. KENT *vs.* SAME.

HARRISON DUNHAM *vs.* SAME.

A pecuniary legacy carries interest from the time when it is due by the terms of the will or the rules of law, although the executor has not at that time assets available for the administration of the estate, and is prevented from administering by impediments interposed by the legatee, and although the legatee has made no demand for the legacy.

The time from which interest is to be allowed on a legacy is not postponed by a provision in the will that the legacy shall be paid "next after my lawful debts," nor by a provision that it shall be paid "as soon as the same can be conveniently done from sales and collections of my property without sacrifice."

The fact that debts have not been paid is no defence to an action for a legacy, if there is no insufficiency of assets.

The statute of limitations is no defence to an action for a legacy, so long as the executors hold the assets of the estate.

A testator bequeathed to his wife a certain sum per day, payable weekly, monthly or quarterly, to be in lieu of dower; and she died within a year from his death. *Held*, in an action by her administrator, that interest should be allowed from the expiration of the year, upon the amount due her at her decease.

Legacies which the testator has directed to be paid within three years from the date of the probate of his will do not begin to carry interest till after the three years.

The fact that a minor had no guardian is no reason for disallowing interest on a legacy to him, if the executor has not paid the legacy into court, and has not been prevented or delayed in making payment by the want of a guardian.

Compound interest is not allowable on a legacy, if it does not appear that the failure to pay arose from the fault of the executor.

THREE ACTIONS OF CONTRACT against the executors of the will of Josiah Dunham; the first by Barker B. Kent, administrator of the estate of Mary Ann Dunham, widow of Josiah Dunham, to recover a legacy given to her in said will; the second by Barker B. Kent to recover a legacy given to his wife, Sarah Kent, daughter of Josiah Dunham, in said will; and the third by Harrison Dunham, a minor son of Thomas H. Dunham, by his guar-

dian, who was his father, to recover a legacy given to him in said will. The writ in each action was dated September 21, 1868.

At the trial in the superior court, before *Brigham*, C. J., without a jury, the following facts were admitted by the parties:

Josiah Dunham died on April 28, 1857, leaving a will, by which he gave to his wife, Mary Ann Dunham, his furniture, and the use of his dwelling-house, and added: " I further will and order that there be paid to my said wife the further sum of two dollars per day for each and every day during her natural life, the same to be paid to her in weekly, monthly or quarter-yearly payments, as shall be most convenient ; and this provision now made for my wife is to be in lieu of all right of or claim to dower in my estate, and all right of homestead. The above provisions for my said wife, Mary Ann Dunham, are to be considered as before my other bequests or legacies hereinafter made, and to be paid and discharged in full next after my lawful debts, funeral expenses and charges of administration."

He then gave $500 to his granddaughter, Sarah E. Kent; $1000 to his daughter, Sarah Kent, wife of Barker B. Kent; and $2000 to the children, then living, of his son, Thomas H. Dunham ; " the three last named legacies to be paid as soon as the same can conveniently be done from sales and collections of my property without sacrifice, but the same to be paid within three years from the date of the probate of this will."

He then gave his watch to his son Josiah Dunham; a weekly sum to his adopted son Henry Dunham Tuttle, until he should reach the age of twenty-one years ; and the residue of his estate, one third to his son Josiah Dunham, and the other two thirds to his said son and to Samuel Leeds, to hold in trust for those of his descendants who might be needy. He declared that his son Thomas H. Dunham should take nothing from his estate ; and gave his executors power to sell his lands.

The will was admitted to probate, and the defendants were appointed executors thereof, in May 1857 ; Mary Ann Dunham died on February 19, 1858; and on February 3, 1862, Thomas H. Dunham was appointed guardian of his minor son Harrison Dunham.

" At the time of the probate of Josiah Dunham's will, his personal estate chiefly consisted of his household furniture, and property allowed by the probate court to his widow, who did not file a waiver of the provisions made for her in the will. During her life, the defendants could not, by the exercise of reasonable diligence, have paid the debts of the testator, and his legacy to her. The debts of the testator were not paid, when these actions were brought. About thirty days before these actions were brought, the plaintiffs demanded of the defendants the legacies sought to be recovered in these actions; and during the pendency of the actions the defendants paid to the plaintiffs the principal sums sought to be recovered in these actions, under an agreement between them that the payment of said sums, as legacies under the will, should not be to the prejudice of either party in the further prosecution or defence of these actions, in the matter of the plaintiffs' right to recover interest on the legacies."

" The defendants also offered evidence tending to show that all the real estate of their testator, at the time of his death, was either heavily incumbered by mortgage, or the absolute title thereof was in other persons who had claims upon it; that his debts were then more than \$60,000; that by acts of Barker B. Kent and Thomas H. Dunham, combining with other persons, the defendants were disabled from perfecting or establishing their titles as executors to most of the real estate, until March 1, 1863; that they were prevented from realizing money from the assets of their testator, for the settlement of his estate, by the various impediments and obstructions interposed by Barker B. Kent and Thomas H. Dunham, for the purpose of preventing them from making collections in order to pay the debts, charges and legacies necessary in the administration of the estate; and that they had no assets available for the payment of the debts of their testator, and of the charges of executing his will and administering his estate, before March 1, 1863." But the judge excluded this evidence.

The judge ruled that the failure of Mary Ann Dunham, Barker B. Kent and Thomas H. Dunham, to demand the legacies sought to be recovered in these actions, was no defence to the claim for

interest on the legacies; that the statute of limitations was no defence; that the fact that the executors had not in their possession during the life of Mary Ann Dunham sufficient assets to enable them to pay her legacy was no defence to the claim of her administrator to recover interest thereon; that the claim survived to the administrator; that Barker B. Kent was entitled to recover and receive the legacy to his wife; and that on all the legacies simple interest should be allowed from the date of the probate of the will; and he found for the plaintiffs, assessing damages in accordance with these rulings. The plaintiffs and the defendants both alleged exceptions.

*D. Thaxter & F. Bartlett,* for the plaintiffs. Legacies carry interest after the end of one year from the testator's death, even if it is impracticable that they should then be paid. *Wood* v. *Penoyre,* 13 Ves. 326. *Pearson* v. *Pearson,* 1 Sch. & Lef. 10. *Williamson* v. *Williamson,* 6 Paige, 298. *Marsh* v. *Hague,* 1 Edw. Ch. 174. *Loring* v. *Woodward,* 41 N. H. 391. *Sullivan* v. *Winthrop,* 1 Sumner, 1. *Pollard* v. *Pollard,* 1 Allen, 490 *Dawes* v. *Swan,* 4 Mass. 208, 217. *Lamb* v. *Lamb,* 11 Pick. 371. 2 Williams on Executors, (6th ed.) 1319. No demand is necessary. *Marsh* v. *Hague,* 1 Edw. Ch. 174. *Glen* v. *Fisher,* 6 Johns. Ch. 33. *Lyon* v. *Magagnos,* 7 Grat. 377. The provision that the legacies shall be paid as soon as the same can conveniently be done, but within three years, does not affect the general rule. *Varley* v. *Winn,* 2 Kay & J. 700. The statute of limitations is no defence. *Brooks* v. *Lynde,* 7 Allen, 64. *Andrews* v. *Sparhawk,* 13 Pick. 393. *Arden* v. *Arden,* 1 Johns. Ch. 313. *Higgins* v. *Crawfurd,* 2 Ves. Jr. 571. Interest on the widow's legacy runs from the death of the testator. *Pollard* v. *Pollard,* 1 Allen, 490. *Hubbard* v. *Hubbard,* 6 Met. 50. *Clark* v. *Sewell,* 3 Atk. 96, 99. The interest should be computed with annual rests. *Miller* v. *Congdon,* 14 Gray, 114.

*G. F. Homer,* for the defendants. Where a legatee by his own acts causes delay in payment, he ought not to receive interest. The legacies were not payable until after the debts. The suits are barred by the statute of limitations. Gen. Sts. *c.* 155, § 1. The only authority sustaining *Brooks* v. *Lynde,* 7 Allen, 64, is

*Parker* v. *Ash*, 1 Vern. 256, which is now substantially overruled. *Smallman* v. *Hamilton*, 2 Atk. 71. *Jones* v. *Turberville*, 4 Bro. Ch. 115. *Hovenden* v. *Annesley*, 2 Sch. & Lef. 607, 630. *Kane* v. *Bloodgood*, 7 Johns. Ch. 90. *Murray* v. *Coster*, 20 Johns. 576. *Smith* v. *Remington*, 42 Barb. 75. *Cadbury* v. *Smith*, Law Rep. 9 Eq. 37, 42. Interest can be recovered only from the time of demand. *Clark* v. *Packard*, 9 Gray, 417. Bac. Ab. Legacies & Devises, K. 3. At any rate, interest on the legacy to the widow should not be allowed till after the expiration of one year from the probate of the will; interest on the legacy to Mrs. Kent not till after the expiration of three years from the date of probate, *Thomas* v. *Attorney General*, 2 Y. & Coll. Exch. 525; and interest on the legacy to Harrison Dunham not till the appointment of his guardian. *Miles* v. *Boyden*, 3 Pick. 213. Annual rests should not be allowed. *Burdick* v. *Garrick*, Law Rep. 5 Ch. 233.

WELLS, J. Interest is payable upon pecuniary legacies from the time when, by the terms of the will or by the rules of law, they become due and ought to be paid. It is incident to the principal demand, and not imposed upon the executor for his neglect.

1. Evidence offered to justify or excuse the executors, in not paying the legacies at an earlier date, was properly rejected as immaterial.

2. For the same reason, the defence that the legatees caused delay by unjustifiable proceedings, embarrassing the executors in the settlement of the estate, was equally inadmissible for the purpose of defeating their claim to interest.

3. Demand of payment is not necessary to entitle the legatee to interest.

4. The provision for payment of the legacies " next after my lawful debts," and " as soon as the same can be conveniently done from sales and collections of my property without sacrifice," relates to the order of preference, and not to the time of payment. It is in no legal sense a condition upon which the vesting of the legacies is to depend.

5. The fact that the debts have not all been paid is no defence to the recovery of principal or interest; there being no allegation of insufficiency of assets.

6. The statute of limitations is no defence. So long as the executors hold the fund, they hold it for the benefit of those who are entitled to it according to the terms of the trust declared by the will.

7. The right of Barker B. Kent to recover his wife's legacy is not controverted here; and it does not appear to come within the statutes relating to married women. The legacy vested before the statute of 1857, and it does not appear that they were married after the statute of 1855.

8. The rulings of the court below were all correct, except as to the date from which to compute the interest.

The bequest of $2 per day to the widow does not bear interest from the death of the testator, or the probate of the will. It is itself in the nature of interest, or income for her support, payable from time to time through the year. As she died before the end of the first year, we think the interest should be computed from the end of one year from the death of the testator, upon the amount due to her at the date of her own decease. The other legacies were to be paid " within three years from the date of the probate of this will." They were not absolutely due until the end of that period; and interest should be computed accordingly.

The fact that Harrison Dunham was a minor, having no guardian authorized to receive his legacy at the time it became payable, does not of itself deprive him of the right to have interest from that time. The executor did not pay the money into court for his use; and was not prevented or delayed in making the payment, by the want of capacity in the legatee to receive it. The general rule, already stated, is founded upon the principle that interest follows as an accretion to the principal legacy, and does not depend upon demand or default. Special circumstances may furnish ground for an exception; but we do not find them in this case. The direction in *Miles* v. *Boyden*, 3 Pick. 213, that interest should be computed only from the date of the writ, must have been made upon the idea of charging the executor personally with interest on the ground of neglect or delay of payment. The question was not discussed; and the reason given is applica-

ble only to that aspect. If not based upon some ground of exception, we think it is not to be followed. It does not accord with the general rule as we understand it. 2 Redfield on Wills, 567, *c.* 13, § 59, pl. 5, and note.

. There is no occasion for annual rests. The facts are not such as to entitle the plaintiffs to compound interest.

For the single purpose of revising the computation of interest in accordance herewith, the *Exceptions are sustained.*