NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—May, 1885.

SIMPKINS *v.* SCUDDER.

*In the matter of the judicial settlement of the account of* HENRY J. SCUDDER, *as executor of the will of* NATHANIEL S. SIMPKINS, JR., *deceased.*

*It seems,* that inability on the part of a legatee to take a legacy, at the time when it has become due, and when the executor is ready to pay it, will ordinarily prevent the running of interest thereon during the continuance of the inability.

But where the father of an infant legatee, during the year succeeding the testator's death, advised the executor of his intention to procure the appointment of a general guardian who would be entitled, as such, to receive the legacy, and, in consequence of delay in applying for letters

of guardianship, an appointment was not made until after the expiration of that year, the executor continuing to hold the fund in his hands,—

*Held*, that the legacy should have been invested for the infant's benefit, pursuant to 2 R. S., 91, § 48 ; and that, though the executor was exonerated from personal liability, the infant was entitled to interest at the rate of six per cent., commencing at the end of a year from the death of the testator.

Hoffman v. Penn. Hospital, 1 *Dem.*, 118—distinguished.

DETERMINATION of question, arising upon judicial settlement of executor's account, as to allowance and rate of interest on legacies bequeathed by decedent's will to Allen T. Simpkins and others, infants. The facts are stated in the opinion.

PAYSON MERRILL, *for guardian.*

L. C. LEDYARD, *for executor.*

THE SURROGATE.—By the will of this testator, who died in October, 1883, five nephews and nieces, all infants in law, were severally bequeathed a legacy of $25,000. Prior to the expiration of the year succeeding the testator's death, the father of these infants advised the executor of his purpose to procure the appointment of some person as their general guardian, who would be entitled as such to receive their legacies. There was some delay in applying for letters of guardianship, and when such letters were issued, more than a year had elapsed from the testator's death. A decree is now about to be entered, settling the executor's accounts and directing general distribution of the estate ; and I am asked to determine whether these infant beneficiaries are entitled to interest upon their legacies, and, if so entitled, then at what rate and for what time.

In the case of Hoffman v. Penn. Hospital (1 *Dem.*, 118), I held that, whenever in contemplation of law a legacy is due, interest at the legal rate begins to run upon it, even though the condition of the estate is such that its payment is then impossible; and that, until such legacy is finally paid, such interest continues to run at the same rate, though its amount may exceed the income that the funds of the estate have yielded during the same period. I did not, in Hoffman v. Penn. Hospital, consider the question, whether an inability on the part of a legatee to take a legacy, at the time when it had become due, and when the testator's executor was ready to pay it, would or would not prevent the running of interest during the continuance of the inability. I think that, under some circumstances, it certainly would, and that it would under the circumstances disclosed in the case at bar, if, in the interval that has elapsed since the expiration of a year from the testator's death, no other course had been open to the executor, except to hold the legacies in question in his hands until the appointment of a guardian.

But it is provided by §§ 48 and 49 of title 3, ch. 6, part 2 of the Revised Statutes (3 *Banks*, 7th ed., 2301), that, in case a legatee is a minor and has no guardian, or the Surrogate does not direct payment of a legacy to such guardian, the legacy shall be invested in permanent securities, in the name and for the benefit of such minor, and that the interest thereon shall be applied, under the direction of the Surrogate, to such minor's education and support. Now, in the present case, it is not claimed that the

executor is at fault because of his failure to comply with the requirements of this statute; but, while he is admittedly exonerated from personal liability, I think that the infants, in view of the fact that no investment has in fact been made for their benefit, are entitled to interest at six per cent., from the expiration of a year after the testator's death.

This conclusion is in accordance with the decision of the Supreme Court of Massachusetts in Kent v. Dunham (106 *Mass.*, 586), and with that of the Court of Appeals of Virginia, in Lyon's Adm'rs v. Magagno's Adm'rs (7 *Gratt.*, 377).