## NEWPORT COUNTY.

---

DARWIN W. ESMOND, Administrator of Mary A. White, *vs.* LEWIS BROWN and JOHN HAZARD, Executors of the Will of John A. C. Stacey.

A legacy, when no time is specified for its payment, begins to carry interest one year from the death of the testator, and carries interest until paid.

The application of this rule is not modified by the facts that the legatee died within the year, that an administrator on the legatee's estate was not appointed until after the expiration of the year, and that within the year the person afterwards appointed administrator of the legatee's estate claimed a personal interest in the legacy and notified the executor to pay it to no one else.

EXCEPTIONS to the Court of Common Pleas.

*Providence, November* 12, 1892. MATTESON, C. J. This is an action of assumpsit to recover interest on a legacy. The case is as follows: John A. C. Stacey died in Newport, March 15, 1889. By his last will and testament he gave and bequeathed to Mary A. White, resident of New York, a legacy of $1000, without specifying any time of payment. The legatee died within one year after the decease of the testator. Subsequently the plaintiff claimed a personal interest in the legacy and within the year after the decease of the testator notified the defendants to pay it no one but himself. No administrator was appointed on the estate of the legatee until the appointment of the plaintiff, October 21, 1891. On that date the defendants paid to the plaintiff the legacy, $1,000, but refused to pay any interest. The assets which came to the hands of the defendants were more than

sufficient for the payment in full of the testator's debts and legacies given in his will with interest.

The question raised on the facts stated is, whether the plaintiff is entitled to interest on the legacy for the period between March 15, 1890, or from the expiration of one year after the decease of the testator, to the date of payment, October 21, 1891.

The general rule, which has been recognized and applied in this State, is that the legatee of a pecuniary legacy when no time of payment is specified in the will is entitled to interest after the lapse of one year from the death of the testator. *Derby, Executor,* v. *Derby et als.,* 4 R. I. 414, 425; *Spencer, Petitioner,* 16 R. I. 25, 32; *Wood* v. *Hammond,* 16 R. I. 98, 106; *Chafee* v. *Baker,* 17 R. I. 739. The defendants do not deny this rule, but contend that the peculiar circumstances of the present case should prevent its application; and they refer to a saving clause in the opinion in *Kent* v. *Dunham,* 106 Mass. 586, 591, to the effect that special circumstances may furnish ground for an exception. The special circumstances relied on by the defendants as furnishing an exception in this case are, *first,* that the legatee died within a year after the death of the testator; that no administrator on her estate, to whom payment could be made, was appointed until October 21, 1891, and payment was made so soon as there was anyone authorized to receive it; and *second,* that the plaintiff, within a year after the death of the testator, notified the defendants to pay the legacy to no one but himself.

We do not think these circumstances are sufficient to prevent the application of the rule. The rule is founded on the principle that interest follows as an incident of, or accretion to, the legacy, and not on the principle that its payment is imposed on the executor as a penalty for his default or neglect. Hence, it is recoverable from the time the legacy is payable though no demand for payment has been made. *Kent* v. *Dunham,* 106 Mass. 586, 590; *Marsh* v. *Hague,* 1 Edw. Ch. 174, 187; *Birdsell* v. *Hewlett,* 1 Paige, 32; *Glen* v. *Fisher,* 6 Johns. Ch. 33; *Lyon's Adm'r.* v. *Maganos' Adm'r.,* 7 Gratt. 377; *Bourne's Ex'r.* v. *Mechan, Adm'r.,* 1 Gratt. 298.

And even though the condition of the estate is such that it is impracticable for the executor to pay the legacy until long after the time when it becomes payable. *Wood* v. *Penoyre*, 13 Ves. Jun. 325, 332; *Pearson* v. *Pearson*, 1 Sch. & Lef. 10, 12; *Martin* v. *Martin*, 6 Watts, 67, 68; *Kent* v. *Dunham*, 106 Mass. 586, 590, 591; *Sullivan* v. *Winthrop*, 1 Sumner, 1, 10–13. We have been referred to no authority, nor have we been able to find any, which holds that the fact that the legatee is not in a situation to receive the money makes any difference. The nearest approach to it is a *dictum* to that effect, by Rollins, Surrogate, in *Simpkins* v. *Scudder*, 3 Demarest, N. Y., 371, 373. On the other hand, in *Marsh* v. *Hague*, 1 Edw. Ch. 174, 181, it is said that there is no case to be found in the books where an exception has been made on the ground of the legatee's not being in a situation to receive, or omitting to demand, payment of the legacy. In that case the legatees were resident in England, and it was held that though the executors were not bound to seek them out and make remittances to pay them there, and that it was sufficient for the executors to pay the legacies in New York, when properly called on, they were, nevertheless, not exempt from the payment of interest in the meantime. In *Lyon's Adm'r.* v. *Maganos' Adm'r.*, 7 Gratt. 377, the testatrix, a French woman, died in France in 1826. By her will she gave a legacy to the plaintiff's intestate, which she directed to be paid within one year after her decease. The will was proved in France and in August, 1827, a copy of it was admitted to record by the borough court of Norfolk, Virginia. In August, 1829, Joseph Maganos qualified as administrator with the will annexed. The legatee died between 1827 and 1829. No administration was had on his estate till November 28, 1840, on which date the plaintiff qualified himself as administrator and, thereupon, filed his bill to recover the legacy. The court below decreed that the plaintiff should recover, but with interest only from November 28, 1840, till payment; thus giving interest only from the date of the plaintiff's qualification as administrator. On appeal the decree was reversed in this respect, the court of appeals being of the opinion that in-

terest should have been allowed from a year after the death
of the testatrix, and that it was the duty of the representative
of the estate of the testatrix to have invested the amount of
the legacy in some interest bearing fund, or to have paid the
same into court to be so invested.    Again, in *Bourne's Ex'r.*
v. *Mechan, Adm'r.*, 1 Gratt. 298, the testator died in 1813.
By his will he gave to his sister and to his niece, each, one-
fourth of whatever moneys should be recovered from a debtor.
The executor in 1815 recovered from the debtor £139, 2, 10.
The legatees both survived their husbands but died prior to
the recovery of the money from the debtor.   In 1834, nine-
teen years after the recovery from the debtor, Mechan quali-
fied as administrator on the estates of the testator's sister and
niece and brought suit to recover the legacies.   The executor
in his answer admitted the bequests and that he had received
the sum mentioned from the debtor, but averred that at the
time the money was paid he did not know where the legatees
lived, if alive at all; that indeed he knew nothing of them,
never having heard of them except as mentioned in the will;
and that he was possessed of no means by which he could as-
certain their residence.   He further averred that there was
no representative of either of them, or of either of their hus-
bands, known to him prior to the application made to him by
Mechan as administrator; nor did he know of any person to
whom he could legally pay the legacies.   Although it ap-
peared that there had been an administrator on the estate
of the niece, there was no evidence that there had ever been
an application to the executor for the payment of the legacy
to her, or that he knew or had ever heard of the legatees ex-
cept by the will.   On hearing, the court decreed that the
executor should pay to the plaintiff as administrator of each
of the legatees one-fourth of the sum mentioned as recovered
from the debtor, with interest thereon from May 15, 1815,
till paid.   This decree on appeal was affirmed.   And see, also,
*Simpkins* v. *Scudder*, 3 Demarest, N. Y. 371, 372, in which
it was held that when a legacy becomes payable, and the
legatee is unable to receive it because of his minority, it
should be invested, and if not invested, should bear interest

from the time when payable; and *Olive* v. *Westerman*, 53 Law Journal, Ch. 525, also 50 Law Times Rep. 355, in which the testator directed that certain legacies given in his will should be paid within four years after his decease. The executors paid some of them within one year after his decease but did not pay others because of the inability of the legatees, who were infants, to give receipts, and it was held, that the unpaid legacies carried interest from the expiration of one year after the testator's death. The same was held in *Kent* v. *Dunham*, 106 Mass. 586, 591, though in that case the court mention, as though it might have had some effect had the fact been otherwise, that it did not appear that the executors were prevented from or delayed in making payment by the want of capacity of the minor to receive the legacy.

We have no provision such as appears to exist in some States, whereby, in cases in which the legatee dies before receiving the legacy, or is incapacitated to receive it, the money may be paid into court or invested for his benefit or the benefit of his legal representatives. We do not think, however, that the absence of such a provision is sufficient to prevent the application of the rule, since, as stated in *Lyon's Adm'r.* v. *Maganos' Adm'r.*, 7 Gratt. 377, 379, it is the duty of the executor in such a case to invest the legacy in some interest bearing fund.

We do not see that the fact that the plaintiff notified the defendants to pay the legacy to no one but himself can have any effect to deprive him of the right to recover interest. The defendants could not safely have paid the money to any one except the legal representative of the legatee. This they did immediately on his appointment. The notice, therefore, did not prevent them from paying the legacy at the earliest possible moment that they could properly do so; and even if it had, it was held in *Kent* v. *Dunham*, 106 Mass. 586, 590, that the unjustifiable acts of the legatees by which the executors were hindered and embarrassed in the settlement of the estate were not admissible for the purpose of defeating their claim to interest.

Exceptions overruled and judgment of the Court of Common Pleas affirmed with additional costs of this court.

*Samuel R. Honey*, for plaintiff.

*William P. Sheffield*, for defendant.