## NEWPORT.

FRANK L. ALMY, Appellant, *vs.* PROBATE COURT OF NEW-PORT.

Executors allowed a large sum of money belonging to the estate to remain in a bank of deposit without interest from November 28, 1887, the date of their appointment, to November 7, 1892. Nothing in the condition of the estate required the keeping of the fund deposited on call.

*Held*, that from November 28, 1888, the end of the first year after their appoint-

ment, the executors should be charged with simple interest on the average amount of the deposit during that time at the rate of four per cent. per annum until November 28, 1890, when their duty to pay over the money to the legatees became imperative; from which latter date they should be charged with interest on the same amount at the rate of six per cent. per annum.

The fact that the executors did not know who the persons were that were entitled to the money, cannot relieve them from the payment of interest, since it was their duty to have deposited the money in some savings bank or trust company where it would have drawn interest.

APPELLEE'S petition for a new trial.

This was an appeal by one of the legatees under the will of Seth Bateman, late of Newport, deceased, from a decree of the Court of Probate of the city of Newport, made July 3, 1893, on the petition of the executors of said will for an allowance of their first account. The appeal was tried in the Common Pleas Division of the Supreme Court at Newport, Mr. Justice Douglas sitting without a jury, and the following decision rendered :—

*January* 8, 1894.  DOUGLAS, J.  The appellant claims that certain payments made by the executors were unwarranted and should be disallowed, and that the executors should be charged interest on the money kept by them on deposit from the end of the first year after their appointment, instead of from the end of the third year, as charged by the Probate Court, and at the rate of five per cent. per annum or more, instead of four per cent. as charged by that court.

1. I find that the several payments objected to were actually made; that they were for repairs to the grounds, buildings and furniture of a summer hotel which the will directed to be sold by the executors. The evidence convinces me that these expenditures were judiciously made, and were necessary to make the property marketable at a fair price, or to secure rentals from it until it became possible to sell. I therefore allow these items as proper charges against the estate.

2. I find that the will was proven and the executors appointed November 28, 1887. At that time, they found on deposit in cash $22,632.95. From that time until the rendering of the account, November 7, 1892, the executors kept

on deposit in the Merchants Bank in Newport, of which one of them was cashier, a large sum of money, averaging, from November 28, 1888, to the date of the account, $13,127.00. Mrs. Bateman had died, and the executors held this money only on trust to divide it among the residuary legatees. The only reason assigned for keeping this sum idle for this long time is the desire of the executors to add to it the proceeds of the sale of the real estate, in order to make one division and distribution of the fund. This reason does not seem to me sufficient to justify their inaction. Nothing in the condition of the estate appears to have required the keeping of this money deposited on call. The balance of the money on hand, together with the dividends, rents, interest on notes and income from sales, was enough to pay all debts and expenses. If the executors chose to wait till the end of the three years before distributing this fund, as they lawfully might do, they should have deposited it in some savings bank or trust company, where it would have been equally safe and where they would have been paid from four to five per cent. per annum, with semi-annual rests. *Monteith's Executors* v. *Baltimore Association*, 21 Md. 426 ; *Riley* v. *McInlear's Estate*, 61 Vt. 254, pp. 263–264 ; 1 Perry on Trusts, § 462.

I think that from November 28, 1888, to November 28, 1890, they should be charged interest on $13,127, at the rate of four per cent. per annum.

After November 28, 1890, when their duty to distribute became imperative, I see no reason why they should not pay interest at the rate of six per cent. *White* v. *Ditson*, 140 Mass. 351. I accordingly charge them with simple interest at these rates.

As the executors did not make direct personal profit from the fund, but kept it safely deposited, I do not charge them with compound interest.

Upon the announcement of the foregoing decision, the executors filed a petition for a new trial.

*Providence, June* 7, 1894. PER CURIAM. We find no error in the decision of the Common Pleas Division charging the executors with interest. The grounds for thus charging

them are clearly set forth in that decision. We concur in those grounds and adopt them as a part of our opinion.

The fact that it was not made to appear at the trial that the executors knew who the persons were that were entitled to share in the money in their hands, or their places of residence, is not enough to relieve them from the payment of interest. Even if such was the fact, it was still the duty of the executors to have deposited the money where it would have earned interest for the benefit of those entitled to the money when they were ascertained. *Esmond* v. *Brown, ante,* p. 48 ; *Marsh* v. *Hague,* 1 Edw. Ch. 174, 187 ; *Lyon* v. *Maganos,* 7 Gratt. 377 ; *Bourne* v. *Mechan,* 1 Gratt. 298.

The executors' petition for a new trial is denied and dismissed with costs, and the cause is remitted to the Common Pleas Division for entry of decree in accordance with its decision.

*Orrin L. Bosworth,* for appellant.
*William P. Sheffield,* for appellee.