*J. A. Magoon,* for plaintiff.

*W. C. Achi,* for defendant.

IN THE MATTER OF THE ESTATE OF S. G. WILDER, Deceased.

SUBMISSION OF THE CASE WITHOUT ACTION.

HEARING, JUNE 22, 1894.                    DECISION, JULY 19, 1894.

BICKERTON AND FREAR, JJ., AND CIRCUIT JUDGE COOPER.

Mr. Chief Justice Judd being disqualified from sitting, Circuit Judge Cooper sat and heard the case in his stead.

A legacy to W. to be kept with W. & Co., and interest paid the legatee at eight per cent. per annum : Held to draw interest from death of testator.

A legacy bearing interest at a fixed rate for the term of three years if not paid at the end of the term : Held to be surcharged with interest at the statutory rate.

General legacies are payable one year from the death of the testator provided there are sufficient assets in the hands of the executor to

pay debts and all legacies in full and bear interest from that date until paid at the statutory rate of nine per cent. per annum.

The will named L. as a legatee to the amount of $5000 ; by codicil the same party was given $20,000 in addition to the $5000 : Held to be a cumulative legacy and the last amount to be entitled to and subject to the conditions and provisions of the legacy mentioned in the will.

OPINION OF THE COURT, BY COOPER, JUDGE.

This matter comes before the court on an agreed statement of facts and submission of the questions in controversy.

The questions presented are, first, is the estate chargeable with interest on the legacies mentioned in the will; second, if so, from what date is interest to be computed; and third, at what rate is interest to be allowed if any.

We find no difficulty in dealing with the first three legacies mentioned in the will, they being as follows: To my son Samuel G. Wilder, Jr., $5000. To Miss Ella Lamb $5000. To my grandson Wilder Wight $2,500, as the testator has coupled the payment of interest at the rate of 8 per cent. per annum with the principal, by this act making the legacies so far specific as to entitle the legatees to interest from the death of the testator.

The legacy to J. K. Wilder in trust stands upon the same ground with those above referred to with this exception, that it is to "be left with Wilder & Company for three years." The question arising from this clause is what rate shall be allowed after the expiration of the three year term. In general contracts where there is an agreement to pay a certain rate of interest at maturity but no rate is fixed when payment is delayed, some of the courts of the United States have decided that the same rate shall continue as agreed upon in the contract, while others have held that the contract ceases at maturity, and that the statutory rate must govern after that date. This is the rule adopted in the late decisions of the United States Supreme Court.

See *Holden vs. Savings and Trust Company,* 100 U. S., 72.

The reasoning for the first position being that the parties having stipulated for a fixed rate while the contract was in

force, the same rate is presumed to have been assented to as the rate of damages to be allowed for nonpayment. The case before us, however, differs from that of a contract where the mutual consent has been given by both parties, inasmuch as the rate has been dictated by the testator without any assent on the part of the legatee. We hold that after the expiration of the three year term this legacy bears interest at the same rate hereinafter fixed for general legacies.

The legacies to Jennie Tucker, Gardner Wilder, Wilder Rose and Wilder Laine, are general in character.

It is stated in the submission that the administrators were advised and that it was their opinion and belief that sufficient moneys could be realized out of the *profits* of the estate to pay the debts and legacies in full in the course of five or six years ; whereas, if the securities of the estate were placed on the market and sold without delay, it was doubtful whether there would have been a sufficient realization to pay debts and special legacies and leave a balance for the *residuary legatees.* The debts and nearly all of the legacies were paid out of the *profits* of the estate. The administrators and residuary legatees claim that if interest is to be allowed at all it is to be computed from the 28th day of June, 1893, the date when the debts were finally paid in full.

The residuary legatees lay great stress upon that part of the will where the testator says : " I wish the business to go on as now so far as possible, all profits excepting only sums sufficient for the support of my wife and children, to be applied to reducing debts, using the insurance money. This can be done ; " claiming that by this the testator meant to postpone the date at which the legacies became due until after the payment of debts from the profits of the estate. We do not so regard this direction of the testator. Having confidence in the ultimate success of the various enterprises in which he was engaged notwithstanding the heavy debt with which he was burdened, it was a desire on his part to have the assets preserved in their entirety if possible, and to that end he wished to have the business continued and the

debts and charges upon the estate paid from the profits.   His desire was successfully carried out, and the residuary legatees upon whom the charge of interest falls were vastly benefitted by it.   The equity of the case it seems to us is in favor of the legatees, and the payment of interest is to be governed by the general rule.

We find the general rule to be that where the executor has assets in his hands sufficient to pay the debts and legacies in full all such legacies are payable at the expiration of one year from the death of the testator unless there is some express stipulation in the will to the contrary, and that the statutory rate of interest is to be computed from the date when the legacies become due, and that too, notwithstanding, that the condition of the estate be such that the payment of the legacies was impracticable at the time.

We cite in support of this doctrine the following cases :

*Loring vs. Woodward,* 41 N. H., 391.

*Rotch vs. Emerson,* 105 Mass., 431.

*Kent vs. Dunham,* 106 Mass., 586.

There has been no contention that the assets of the estate were not sufficient to pay the debts and legacies, and it appears that the administrators, by a judicious handling of this estate, are now able to turn over to the residuary legatees the assets practically in their original form and amount.

We recognize the rule as laid down by this Court in the matter of the estate of Jose Espinda, deceased, decided at the December Term, 1893, as applicable to cases of that nature, where the executrix was charged personally for some fault on her part, but we are of the opinion that the general rule as above set forth should govern in cases like the one before us.

We are therefore of the opinion that all the last mentioned legacies should be surcharged with interest at the rate of nine per cent. per annum to be computed from one year after the death of the testator until payment.

But one question remains and that is as to the character of the legacy to Miss Ella Lamb mentioned in the codicil to the will.   Miss Lamb is mentioned in the will as a legatee to

the amount of $5000, and we have determined that to be a special legacy bearing interest at the rate of eight per cent. per annum from the death of the testator.

Where two legacies are given to the same person and the intent is shown that the party is to have both, such legacies are termed cumulative, but where the second legacy is a repetition of the first amount, or is given instead, then it is held to be a substitutional legacy, and the legatee is entitled only to the last amount.

We do not hesitate to pronounce that this last legacy to Miss Lamb to be cumulative, and as such, subject to the same conditions and provisions as the previous gift, and consequently, chargeable with interest at the rate of eight per cent. per annum from the death of the testator.

*Carter & Carter*, for the general legatees.

*A. S. Hartwell*, for the administrators and residuary legatees.