### INTEREST ON LEGACY WHERE PAYMENT IS DEFERRED.

Common Pleas Court of Seneca County.

MYRA A. EBERSOLE v. DAVID COLE, EXECUTOR.

Decided, September Term, 1912.

*Wills—Interest on Pecuniary Legacy Runs—Notwithstanding an Action is Pending to Set the Will Aside.*

While the contest of a will, pending its determination, is an impediment to payment of a legacy thereunder, it does not stop the running of interest on the legacy from the date it would otherwise have become payable.

*McCauley & Weller,* for plaintiff.
*Dunn & Cole,* contra.

DUNCAN, J.

Some time prior to October 5, 1910, one Louisa McClean departed this life, leaving a will by which the plaintiff, Myra Ebersole, was given a legacy of $2,000. One of the provisions of said will reads as follows:

"I hereby nominate, constitute and appoint David Cole executor of this my last will and testament, hereby authorizing and empowering him to compromise, adjust, release and discharge in such manner as he may deem proper the debts and claims due me. I do also authorize and empower him in order to pay the bequests herein made by me, to sell, at private sale, or in such manner, upon such terms of credit or otherwise, as he may think proper, all of my real estate, and deeds to purchasers to execute, acknowledge, and deliver, in fee simple."

Said will was probated on October 5, 1910, and the defendant, David Cole, was duly appointed and qualified as the executor, and gave notice of his appointment.

The plaintiff says that on December 2, 1912, the defendant having the necessary money and property in his possession for the purpose, she demanded of him the said sum of $2,000, with interest thereon from October 5, 1911, the principal sum of which he offered to pay, but refused to pay the interest and still refuses and sets up here as a defense thereto that the said will was in contest until November 25, 1912, when the case was heard and the will sustained. The question then arises whether this is a good defense to the claim for the interest.

The exact question here presented has not been decided in this state so far as we are advised. It is held in *Gray* v. *Case School*, 62 Ohio St., 1, that "A general legacy bears interest, at the legal rate, from the end of the first year from the date of the notice of the appointment of the executor, unless it be clearly apparent that the testator did not so intend." Here, it is contended by the defendant that the testator did not so intend as the will provided: "I do also authorize and empower him in order to pay the bequests herein made by me, to sell at private sale, or in such manner * * * all of my real estate," etc., thus to defer such payment to such time as he sold the property, and, as he claims, defeat the interest to that time. That there

was no money on hand, that the property had not been sold or that the will was in contest might be a good defense for the time being. But as to the liability for the interest, this argument is answered by Judge Davis in his opinion in the case, as follows:

"If the general rule which has been stated above still prevails, and there were assets sufficient for the payment of the legacy and applicable thereto, although not collected, it avails nothing to say that the condition of the estate was such that payment of the legacy at that time was impracticable, or that the assets were not then convertible; for that would be equivalent to saying that a man should not pay interest on his debt because he could not pay the principal when it became due. The whole theory of the rule which we have under discussion is, that interest should be allowed from the time when a legacy ought to be paid to the time when it is paid, as a compensation for the delay of payment; and the claim that interest should not be allowed because the executors were not ready to pay the legacy when it ought to have been paid, and when the legatee could have compelled payment, on giving a bond of indemnity, is altogether untenable."

But directly to the point is the case of *Kent* v. *Dunn,* 106 Mass., 586. Massachusetts cases are always good authority in such matters, for it is from that state we have borrowed our administrative law, and it is to that state we naturally look for a guide in the interpretation of our own statutes on this subject. It is there held that:

"A pecuniary legacy carries interest from the time it is due by the terms of the will or the rules of law, although the executor has not at that time assets available for the administration of the estate, and is prevented from administering by impediments interposed by the legatee, and although the legatee has made no demand for the legacy."

Also:

"The time from which interest is to be allowed on the legacy is not postponed by a provision in the will that the legacy shall be paid 'next after my lawful debts,' nor by a provision that it shall be paid 'as soon as the same can be conveniently done from sales and collections of my property without sacrifice.'"

While the contest of the will was an impediment to the sale of the property and the payment of the legacies under the will, it only operated to postpone the payment of the legacy but did not stop interest, "for," as Judge Davis says, "that would be equivalent to saying that a man should not pay interest on his debt because he could not pay the principal when it became due." My motion is that this legacy draws interest from October 5, 1911, one year after the notice of the appointment and qualification of the executor, as prayed for in the petition. The demurrer will therefore be sustained. Unless the defendant desires to plead further, judgment will be entered for the plaintiff on the pleadings for the full amount claimed.