EMMELINE NICKELS

*vs.*

ALEXANDER H. NICHOLS,
Executor of Will of Henrietta T. Nickels.

Cumberland.    Opinion January 21, 1919.

*Legacies; when payable.   Rule under the Common Law.   Amended by R. S., 1916,*
   *Chap. 70, Sec. 26.   Rule as to Statutes being prospective in their operations.*

Action of debt to recover a legacy.   The only point in controversy is the date from
   which interest should be computed.

The testatrix died on February 26, 1914.   Her will was allowed and admitted to
   probate on May 12, 1914.   An appeal was taken to the Supreme Court of
   Probate and exceptions were there taken to the Law Court.   The exceptions
   were overruled and the decree of the Probate Court affirmed on January 3, 1916.
   Then a petition was filed to revoke and vacate the decree of May 12, 1914.
   Final decision dismissing this petition was rendered on November 24, 1917.

At the time of the allowance of the will there was no statute in this State pre-
   scribing the time when pecuniary legacies should be due and payable.   But the
   general rule prevailed, here as elsewhere, in the absence of statute, that such
   legacies were due and payable in one year after the death of the testatrix when
   no time of payment was specified in the will and there were assets belonging to
   the estate subject to legacies.

In 1915 the Legislature changed the rule then prevailing and created a statutory
   rule to the effect that legacies should be paid in one year after final allowance of
   the will.   This act took effect in July, 1915.

*Held:*

1.   The time of payment of the legacy in this case was not affected by this statute.
   On February 26, 1915, one year after the testatrix died, this plaintiff was entitled
   to her legacy.   Interest began to run from that date, and interest after that
   date was a vested right which was not affected by the subsequent statute.

2.   The plaintiff's claim however as set out in the writ is for the legacy with lawful
   interest thereon only from January 3, 1917.   It is beyond the power of this
   court to order judgment for a greater sum than is demanded in the writ.

Action of debt to recover a certain legacy bequeathed to plaintiff,
and interest upon same.   Defendant filed plea of general issue, and
upon agreed statement case was reported to Law Court.   Judgment
in accordance with opinion.

Case stated in opinion.

*John B. Thomes,* for plaintiff.

*William P. Whitehouse, Robert F. Dunton, and Robert T. White-house,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

CORNISH, C. J. This is an action of debt brought by the plaintiff to recover a legacy of $5,000 which was bequeathed to her by the will of Henrietta T. Nickels together with lawful interest thereon from January 3, 1917. The only point in controversy is the date from which interest should be computed.

The situation is as follows: The testatrix died on February 26, 1914. Her will dated November 9, 1911, was duly allowed and admitted to probate by decree of the Probate Court of Waldo County on May 12, 1914. An appeal from this decree was taken by one of the heirs at law to the Supreme Court of Probate where the decree of the Probate Court was affirmed. Exceptions were then taken to certain rulings in the Supreme Court of Probate and were presented to the Law Court. These exceptions were overruled and the decree of the Probate Court was affirmed, on the ground that the appellant was not an aggrieved person within the purview of R. S., (1903) Chap. 65, Sec. 28. *Thompson, App't,* 114 Maine, 338. This decision was announced January 3, 1916.

Subsequent to this decision the same appellant filed a petition in the Probate Court to revoke and vacate the decree of May 12, 1914, allowing the original will. On August 8, 1916, after due notice and hearing, the Probate Court entered a decree denying and dismissing this petition. From this decree an appeal was taken to the Supreme Court of Probate where, on December 4, 1916, the appeal was dismissed and the decree of the Probate Court was affirmed. Exceptions to the order of dismissal and to other rulings of the Supreme Court of Probate were presented to the Law Court and after due consideration these exceptions were also overruled and the decree of the Supreme Court of Probate dismissing the petition was affirmed. *Thompson, App't,* 116 Maine, 473. This decision was announced November 24, 1917.

At the time when this will was allowed in the Probate Court, May 12, 1914, there was no statute in this State prescribing the time when pecuniary legacies should be due and payable. But the general rule obtained here as elsewhere in the absence of statute that such legacies were payable in one year after the death of the testator or testatrix when no time of payment was specified in the will and there were assets belonging to the estate subject to such legacies. *Hamilton* v. *McQuillan*, 82 Maine, 204; *Doherty* v. *Grady*, 105 Maine, 36, 42; *Palmer* v. *Estate of Palmer*, 106 Maine, 25. This is the period fixed by the civil law and acquiesced in by common law courts and was allowed simply for the convenience and protection of the executor. He could not be compelled to pay before that time. Under this common law rule interest began to run at the expiration of one year from the death of the testatrix. In 1915 the Legislature changed the rule then prevailing and created a statutory rule in these terms: "Legacies shall be payable in one year after final allowance of the will" etc. Public Laws 1915, Chap. 244. R. S., (1916) Chap. 70, Sec. 26. This act was approved on March 31, 1915, and did not take effect until ninety days after the adjournment of the Legislature or until July, 1915.

Counsel for defendant claims that the legacy in the case under consideration is governed by this statute and that as the second decision of the Law Court was rendered on November 24, 1917, the executor could not be compelled to pay the legacy until the expiration of one year after that date or November 24, 1918.

In our opinion this contention cannot be maintained. The time for payment of legacies in this estate was not affected by the act of 1915. Miss Nickels died on February 26, 1914. At the expiration of one year from that date under the then existing law this plaintiff was entitled to the payment of her legacy. Interest began to run from February 26, 1915, and the right to the interest after that date as well as to the legacy itself was a right vested in the legatee. The act of the Legislature did not take effect until more than four months thereafter, and did not deprive the legatee of that vested right. The accruing interest had attached itself to the principal and was incident to it, and was not imposed upon the executor for his neglect. *Kent* v. *Dunham*, 106 Mass., 586.

Unless there is a clear intent to the contrary statutes are presumed to be prospective only in their operation, and the rights of the parties here had become fixed before the statute went into effect.

Since we hold that the statute of 1915 is not controlling in this case, it is unnecessary to determine whether the date of final allowance of the will should be deemed to be January 3, 1916, when the first decision of the Law Court was announced, or November 24, 1917, when the second decision of the Law Court was announced. Such discussion would be obiter dictum.

On principle the plaintiff's legacy should draw interest from February 26, 1915, and in her argument that contention is made. But her claim as set forth in the writ and declaration is for the legacy "with lawful interest thereon from said third day of January, 1917." It is beyond the power of this court to order judgment for a greater sum than is demanded in the writ.

The entry must therefore be,

> *Judgment for plaintiff for $5,000 with interest from January 3, 1917.*