Grafton,
Dec. 3, 1929.

WILLIAM C. WHITE, *Trustee, v.* IDA M. CHAPLIN & *a.*

*Jewett & Jewett,* for the petitioner.

*Scott Sloane* and *McInness & Wonson* (of Massachusetts), for the life beneficiaries.

ALLEN, J. I. Unless a will provides otherwise, the beneficiary of the income of a trust fund created by the will is entitled to no income accruing or interest during the year following the testator's death except in certain cases of dependency. *Fuller* v. *Gale,* 78 N. H. 544, 546. It follows that the income of the estate received during such period became merged in the estate so as to form a part of the principal of the residue.

While a pecuniary legacy, whether or not in trust, gives the right to interest on it commencing one year after the testator's death if the legacy is not by that time paid (*Fuller* v. *Gale, supra; Dennison* v. *Lilley,* 83 N. H. 422), the rule is inapplicable in the case of a residuary legacy. Until the residue is determined by the final settlement of the executor's account, no demand may be made for it. The life tenant of a residuary estate may not exercise a power of disposal until the estate is settled, even although he be the executor. *Weston* v. *Society,* 79 N. H. 245, 247.

Moreover, in respect to a residuary bequest, to allow interest as a charge against the residue would be an absurdity, since it would reduce the residue by the amount of the interest. And it makes no difference that the residue is left in trust rather than given outright. The beneficiary of the income is not entitled to receive anything which comes out of the principal so as to lessen it. All he is given is the income of the principal, and income is what the principal earns, and not interest upon its amount as though it were a debt.

The question of the executor's personal liability to pay interest for any improper delay in settling his account and transferring the

residue to those entitled to receive it, is not here in issue. The petition calls only for determination of the rights of the defendants among themselves in the residue.

II. From the analogy of the rule that pecuniary legacies, both outright and in trust, are ordinarily payable one year after the testator's death, the income of a residuary estate given in trust begins to accrue from the same date if the will does not otherwise provide. The equity for such a date, if it may not be based upon the testator's probable intent, is shown in the light of the known policy of the law to favor the expeditious settlement of estates and within a year after the executor's appointment so far as possible. While the executor may take the chance of anticipating payment of legacies without liability if the estate does not eventually prove insufficient therefor, he does not have the discretion, or the power directly or by indirection, to make the time of their payment indefinite. · "Ordinarily the beneficiaries under a will, unless it is otherwise provided, are entitled to their respective shares of the estate as soon as they can be determined and distribution can reasonably be made; and, unless the contrary appears, it is to be assumed that the testator intended that distribution should be made as soon as practicable." *Thyng* v. *Moses*, 65 N. H. 106, 107. And there is force in the suggestion that a testator contemplates that the income of a residuary estate given in trust shall commence as soon as a pecuniary legacy is payable.

The case of *Healey* v. *Toppan*, 45 N. H. 243, in which interest at a prescribed rate was allowed in lieu of actual income received during the settlement of the estate, is to be distinguished. Aside from the difficulty of establishing the amount chargeable against the gross income to depreciation of the principal, the life estate following the testator's death was not left in trust but was given in legal title to its beneficiary, so that income, or its equivalent, was payable from the testator's death. Also, the life tenant was the testator's widow, and the reasoning of *Doten* v. *Doten*, 66 N. H. 331, would appear of forceful pertinence in giving a widow interest on a pecuniary legacy to her, or the income of a trust fund, from the testator's death.

The conclusion is that the income earned by the estate after the lapse of one year from the testator's death belongs to those entitled to the income of the residue as a part of such income, but that the income earned during the year ensuing the testator's death is a part of the principal.

The fact that there was no trustee appointed to receive the income is immaterial and the case in such respect is similar to *Dennison* v. *Lilley, supra,* in its holding that the income received by the executor of a specific legacy in trust is to be paid the trustee although the trustee may not until later be appointed. Nor does the fact that the residue is undetermined when the income is received operate to affect the rule. The later settlement of the executor's account may show and establish, but it does not create, the right to the division between principal and income.

Examination of the executor's account as it appears in the record here, shows that further accounting may be necessary to ascertain the amount of the income payable to the income beneficiaries of the trust. Such income includes savings bank dividends becoming payable after the first anniversary of the testator's death, although instead of being withdrawn by the executor they remained to enhance the amount of the savings bank deposits. And any expenses properly chargeable against the income are not to be made a charge against the principal. *Peirce* v. *Burroughs,* 58 N. H. 302, 304.

III. The annual payments to be made from the principal of the residue as provided by the will are due on each anniversary of the testator's death, commencing with the first.

*Case discharged.*

All concurred.