HENRY WHITE BAKER, Trustee,

*vs.*

MARY IDA FOOKS, JOHN R. WILSON, Guardian for SALLIE
FOOKS, ELIZABETH J. WRIGHT, SALLIE FOOKS WRIGHT,
LOUISA BYRD WRIGHT AND ELIZABETH J. WRIGHT, exe-
cutrix of BENJAMIN F. FOOKS, deceased.

*Sussex, March T.*, 1896.

Where a testator bequeathed a fund of twenty-five thousand dollars in
trust for his wife, to be invested in good securities of which the
nature and character was "suggested but not enjoined," and the
income to be paid to her during her life; and the residue of his
estate was held under the will by the same trustee for the benefit
of testator's children with similar directions as to investments;
upon a bill for instructions filed by the trustee, who had been
appointed by the Chancellor, it was *held:*—

1.  That upon the special circumstances of the case, the trustee was
    authorized to keep the fund for the widow as a part of the general
    estate, without setting apart specific securities, and to pay her
    an amount equal to six per centum per annum on the principal,
    after deducting certain fixed charges, as directed in the will.

2.  That, although the will directed the payment of the income of
    the residuary trust fund to be paid yearly to and among his
    children, the trustee should pay to the guardian of the child (there
    being but one) only so much income as was necessary for her
    maintenance, education and support, and keep invested the re-
    mainder of the income as part of the said trust fund.

3.  That the interest paid to the widow upon the amount of the
    trust fund bequeathed for her benefit, should be computed from
    the day of the death of the testator.

BILL FOR INSTRUCTIONS BY A TRUSTEE.—The bill alleged
that Benjamin F. Fooks died February 3, 1895, leaving to
survive him a widow, Mary Ida Fooks, one of the respondents,
and a child, Sallie Fooks, about the age of eleven years, both

of whom were living, having in his lifetime made his will, which was proved before the Register of Wills for Sussex County and recorded in Will Book R, No. 17, folio 163, and in and by which the testator appointed his sister, Elizabeth J. Wright, one of the respondents, to be the executrix thereof, and letters testamentary were duly granted unto her.

In and by said will the testator did give and bequeath unto the complainant, as trustee, the sum of $25,000 of his personal estate upon certain trusts to invest the said sum in good securities, judgment bonds and mortgages constituting first liens upon real estate being "suggested but not enjoined," and after paying out of the income certain fixed charges on the land devised to the testator's wife, to pay the residue of the income and interest of said fund to his said wife during her life.

The testator further directed that if there should be during the life of his wife any deficiency of said fund, the deficiency of income which would have properly accrued there-from should be made up out of the income and interest in any residuary personal estate which he had left in trust as hereafter stated; but if there should not be sufficient income accruing from such other trust fund by reason of the trust having been performed, or otherwise, then the deficiency should be made up out of the rents and profits of testator's real estate, which he charged with the payment thereof, in whose hands soever the same might be, it being the will of the testator that his wife should "receive the full amount equivalent to interest and income of the twenty-five thousand dollars, only diminished by the sum necessary to effect and maintain the said insurance." The devises and legacies were declared to be in lieu of dower.

And the said testator did further give and bequeath to the complainant all the rest and residue of his personal estate upon certain trusts particularly set forth in item nine of said will, as follows: To invest the same as in the case of the trust for his wife and to collect and receive the interest and income thereof and pay over to and among the testator's children in equal parts until they attain the age of twenty-

one years, the receipt of any child having attained full age or of the guardian of any child during minority, being required, each child to receive his or her share of the principal on attaining the age of twenty-one years, or upon the death of any child leaving child or children, then the share to be distributed to such child or children of the deceased child by representation.

The trusts under this item of the will are very elaborately drawn, but it is unnecessary to give in detail those provisions which have no bearing upon the questions raised in this case.

It was further provided in said item, however, that the trust fund of twenty-five thousand dollars bequeathed for the benefit of testator's wife should, after the trusts for her benefit had been accomplished, go into and form a part of the personal property bequeathed in the ninth item as residue and subject to the same trusts as therein provided with respect to the children.

It was further alleged that the complainant, having been appointed trustee by the will, renounced the said appointment and office of trustee on the 3rd day of May, 1895, but afterwards, having filed his written renunciation of said trust, upon the separate petitions of the widow and executrix of the said testator, was appointed by the Chancellor to be trustee under said will of both funds, to fill the vacancy which had been created by his own renunciation of the testamentary appointment; and thereafter the complainant became duly qualified as trustee by executing a bond with sureties approved by the Chancellor.

It was further alleged in the bill that upon the petition of the complainant he was authorized by the Chancellor to take and receive the transfer of certain investments of which the testator was possessed at the time of his death, a detailed statement of which securities is enumerated in the bill as having been transferred to the complainant by the respondent Elizabeth J. Wright, executrix of the testator.

There is also contained in the bill a statement of divers sums of money received by the complainant from said exe-

cutrix, and also of interest and dividends received by him from the several investments constituting the trust fund.

The bill further states that the provision of Item Nine of the will, directing that the trustee of the residue "shall invest and keep invested the said residue and the moneys arising therefrom in and upon some good and sufficient securities," and the further provision of said item "that the said trustee shall collect and receive the interest and income from said residue and pay over the same to and among the said children of said deceased in equal parts until they shall severally attain the age of twenty-one years respectively the net income and interest thereof yearly, for which the receipt of any such child having attained full age or the guardian of any child during its minority shall be ample acquittance," appear to be inconsistent and the complainant seeks the instructions of the Chancellor "in respect to the disposition of the income or interest annually arising and to arise from the said residue of the personality of said deceased."

The complainant further states that included in the property assigned to him by the executrix is "the interest and shares of said deceased in two herds of cattle in the state of Wyoming; that the interest and shares of said deceased in one of said herds was appraised at the sum of five thousand dollars; that the interest and share of the said deceased in the other of said herds was appraised at the sum of eighteen thousand dollars; that from the first mentioned herd there has been paid to the complainant the sum of $725.68; that from the other one of said herds there has been paid to the complainant the sum of $841.34;" and complainant saith that the moneys and income received from said herds annually vary considerably, being very much larger some years than others, and he has cause to believe that some years the actual sale from each of said herds exceeds the natural increase of said herds for the preceding year so that the moneys and income received in any one year may represent more than the income arising from the natural increase of said herd for the preceding year. That is, that said money may represent part

of the principal invested as well as the income, and, therefore the complainant asks advice and instructions of the Chancellor in respect to the disposition of the moneys paid to him from these two herds of cattle, which he proposes ultimately to hold as trustee of the residue of the personal estate for the purpose of the investment.

And it is further stated that the complainant, with the consent of the Chancellor, had not yet set apart the sum of twenty-five thousand dollars, or that which would be equivalent thereto, as a separate and distinct fund, the interest and income whereof would be payable to the said widow during her life, for the following reasons:

(1) He has not received that amount in money with which to make such investment and could not receive it from the executrix at any time soon after his appointment as trustee, unless the executrix had sold investments of the testator and converted the same into money, which was deemed inadvisable on account of the condition of the stock market.

(2) That after a lapse of a reasonable time there was some uncertainty as to the authority of the complainant, under the will, to hold the whole of said trust fund in bulk and pay to the widow annually a sum equal to the interest on twenty-five thousand dollars at five per centum or any other rate of interest; and in view of the uncertainty of the income it was deemed inadvisable to separate the securities to the amount of twenty-five thousand dollars at their face value, as they might greatly depreciate in their income producing qualities.

(3) That the securities and investments assigned to the complainant by the executrix vary greatly in the income which they produce and some are totally unproductive.

(4) That the complainant received during the year, and since his appointment, securities, property and investments from the executrix largely in excess of twenty-five thousand dollars, but some producing larger dividends and some being totally unproductive, complainant did not feel justified in dis-

criminating in favor of the widow, and against the legatees, or *vice versa*, and in relation to this he seeks the advice and instructions of the Chancellor. .

The complainant, as trustee for the widow, has paid to her sums at different times, at the rate of $1250, per annum, or five per centum on $25,000, this being the most he felt justified in doing, although he believes that the testator desired that his widow should have an annuity of $1500, or six per centum on the amount set apart for her, which the testator suggested should be invested in first liens upon real estate, which are supposed to net six per centum, less the costs of insurance and repairs on buildings on the lot devised to the widow for life.

The bill sets forth that no time is fixed by the will, when the interest or income to be paid to the widow, arising from the $25,000, shall begin to accrue, and complainant believes, that although it was impracticable to invest the sum of $25,000 immediately upon probate of the will, the testator intended, and the widow is entitled to receive out of the general income fund of the testator's estate a sum equal to the income or dividend which the said sum of $25,000 would have produced, to be computed from the date of testator's decease, and as to this complainant asks instructions of the Chancellor.

The bill prays for further instructions as to the disposition or distribution of the trust funds in his hands, and particularly respecting the amount belonging to the widow and the time from which the income should commence.

He also prays for such other instructions as the nature of the case may require.

The answer admitted the facts as set forth in the bill and the necessity for instructions of the Chancellor on the various points suggested in the prayers of the bill.

The case was heard on bill and answer and submitted without argument at the March Term, 1896.

*J. L. Wolcott, Sr.*, for complainant.
*Boyce and Hearn*, for respondents.

THE CHANCELLOR upon consideration of the bill and answer, the suggestions of counsel and the provisions of the will of the said Benjamin F. Fooks, deceased, was of opinion that the fund of $25,000 specifically bequeathed in trust for the benefit of the said Mary Ida Fooks, during her natural life, should remain in the hands of the complainant as trustee as at present held by him, without being separated from the general fund, until the further order of the Chancellor, and he directed that the trustee should pay out of the income produced by the entire trust fund, to the said widow, the sum of $1500 each year, a sum equal to interest on said sum of $25,000 at the rate of six per centum per annum, less the cost of insurance on the buildings erected on the lot of ground specifically devised to the said widow for life; the said interest to be computed from the 3rd day of February, A. D. 1895, the day of the death of the testator.

He further considered that the said complainant as trustee should pay to the guardian of Sallie Fooks, minor child of the testator, so much only of the income arising from said trust fund as might be necessary for her proper maintenance, education and support, and that the said trustee should be authorized to invest and keep invested the remainder of said income under the authority of item nine of the said will.

A decree was entered in accordance with the views expressed by the Chancellor and it was further ordered that the trustee pay the costs of this cause out of the trust fund.