CaudwELU, J.
This is an action in this court for a construction of the will of John Huntington, and to obtain direction from the court as to the duties of the executors of the estate as to certain funds in their hands.
The will provides for the larger part of the estate to remain in the hands of the executors during the. settlement of the estate, but, out of the income of that portion that they retain, there is to be paid annually certain sums to the widow and to' the children, and a portion to charity to which he bequeathed a part of his estate.
The estate became somewhat involved in litigation on account of the failure of Carey & Paige, and it appearing after such failure that there was a large amount of paper given out by them on which .Huntington purported to be an endorser. The genuineness of his signature was denied, and it necessarily took, considerable time to end these litigations, either by final judgment, or by ■ settlement. And it was found that it was delaying the settlement of the estate by the executors *239 beyond the time contemplated by the testator, and, on account of such delay, the real purposes and intent of his will were, to a certain extent, being defeated.
The will provided that while the estate was in the hands of executors, the widow and the children, and the charity should each receive a stipulated amount each year, but, after the estate was turned over to the trustees by the executors, then the income of the estate was to be divided among these beneficiaries as therein directed; and the division of the full income would give to each beneficiary a much larger sum than was provided for such one to receive while the estate was in the hands of the executors.
To avoid this injustice to the beneficiaries, it was determined by the executors to go into court and by the authority of the court turn over to the trustees a large part of the estate in the hands of the executors, retaining sufficient to meet any demands that might be found good against the estate by way of debts and liabilities. The executors retained a small portion of the estate, and turned the rest over to the trustees and, as the cases spoken of were settled and gotten out of the way, another portion of that remaining in the hands of the executors was turned over to the trustees; but the portion retained by the executors, earned income while in their hands after this action was taken in the court, and the executors added that income on that portion of the estate still in their hands, to the principal, and have invested it as a part of the estate in their hands to be kept invested until such time as it shall be turned over to the trustees, and then turn it over to the trustees as a part of the body of the estate and not as mere income.
The contention on the part of the distributees is that the proceedings taken in the court,'and the journal entry there made, amount to a turning over to the trustees, of this entire estate then in the hands of the executors, and allowing the executors to retain for the time being, a portion of it to save them from any possible liability upon certain claims that were being pressed against the estate.
After reading the will and the proceedings taken in the probate court, we can see nothing that would indicate a purpose *240 bn the part of the court, or on the part of the executors, to 'transfer into the hands of the trustees, even by intent, much less by act, all of the estate. ,
Kline, Carr, Tolies & Goff, for Plaintiffs in Error.
Squire, Sanders & Dempsey, for Defendants in Error.
We think that the executors retain that portion that was •not turned over to the trustees, just as they retained it before. It is in their hands absolutely, without any income or right to it by the trustees, until it shall be turned over by some act the same as the other part was turned over to them.
The will provides that the principal part of the income of this estate is not to be divided among certain beneficiaries until that time shall come when the children shall all have died; then there is to be a division of the body of the estate among the grandchildren and for other purposes. So that, if the income in the hands of the executors is to be added to the body of the estate, it eventually goes to those who receive the property after the death of the children, and if it is to be divided :as income from the estate as is provided after the estate goes into the hands of the trustees, then it goes to the children.
It is claimed that this long delay is something that was not •anticipated by the testator and it is really defeating his children from having what he intended them to have.
In the‘first place, it is difficult to know just what, in this regard, the testator anticipated. He would be presumed to know that there are many things that might delay the settlement of his estate, that he could not at the time he made his will, foresee, and, not being able to so foresee, he would make his will subject to all such circumstances as might arise to •delay its settlement. We can not see thac-it is defeating the purpose of the testator, to allow this matter to proceed and ■.this income to be dealt with as has been done by the executors heretofore and as is purposed to be done by them hereafter .unless otherwise directed by this court.
It is our judgment that the income arising from the property in the hands of the executors prior to the time when it is turned over to the trustees, is all to be added to the principal and invested as such and will be administered the same as the oilier parts of the principal at the time of the death of Ihe children, and a decree may be taken accordingly.