ABIGAIL K. CAMPBELL PARKER, JOSEPH O. CAR-TER AND CECIL BROWN, TRUSTEES . UNDER THE WILL AND OF THE ESTATE OF JAMES CAMPBELL, DECEASED, *v.* ABIGAIL K. CAMP-BELL PARKER, ABIGAIL W. KAWANANAKOA, ALICE· K. MACFARLANE, MURIEL K. CAMP-BELL, A MINOR, BEATRICE U. (MARY) CAMP-BELL, A MINOR, ABIGAIL HELEN KAPIOLANI KAWANANAKOA, A MINOR, DAVID KALAKAUA KAWANANAKOA, A MINOR, LYDIA LILIUOKA-LANI KAWANANAKOA, A MINOR, AND ALICE E. K. MACFARLANE, A MINOR.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

·ARGUED JUNE 1, 4, 1907.                    DECIDED JUNE 14, 1907.

FREAR, C. J., WILDER, J., AND CIRCUIT JUDGE DE BOLT IN PLACE OF HARTWELL, J.

·RES ADJUDICATA.·

A decision in a former suit that the widow and children of a · testator were not entitled under his will to income until after the close of administration and the distribution of the property to cer-tain trustees is res adjudicata in a subsequent suit between the same parties ·to ascertain the date when the administration closed·

and the property was distributed, it appearing that the question in each suit concerned the disposition of certain income which accrued from the property up to the time of the order of distribution.

WILLS—*construction.*

> Where the income of a testator's residuary estate is given to the widow and children for life and the will prescribes the date of the order of distribution as the time from which such income should be paid, (which date in this case was July 3, 1905,) the widow and children are only entitled to income which accrues from and after that date.

OPINION OF THE COURT BY WILDER, J.

This is an appeal by plaintiffs as trustees from a decree sustaining demurrers to a bill in equity for advice in connection with the will of James Campbell. It appears from the bill that James Campbell died on April 21, 1900, leaving a widow and four daughters, two of which daughters have since reached majority and married and had children; that his will, a copy of which is attached to the bill, was admitted to probate on June 26, 1900, and letters testamentary were issued to plaintiffs as executrix and executors thereunder; that by February 10, 1902, the executrix and executors had paid all legacies, debts and expenses; that on August 25, 1902, the executrix and executors filed their final accounts and petitioned for an order of distribution and discharge which, as amended and supplemented for various causes alleged, were not approved and granted until July 3, 1905, the executrix and executors being directed by an order of that date to distribute to themselves as trustees under the will all of the property in their hands belonging to the estate and that they be discharged upon filing their receipt for the property, which receipt was filed on July 28, 1905; that after their discharge they sought the advice of the court and filed a bill to construe the will in certain particulars, a copy of the decision in which on appeal being attached to the bill and reported in 18 Haw. 34; that this court decided, among other things, that the widow and children were not entitled to share in the income provided for in paragraphs 9 and 10 of the will

until "after the administration is closed and the estate is distributed to the trustees;" and that in that suit no question was submitted as to when the administration closed and the estate vested in the trustees. The prayer is to fix the date when the administration closed and the estate was distributed to the trustees, so that they might know from what time they can apportion the income as provided in the will. Demurrers were filed by the guardians ad litem of the grandchildren on the grounds in substance (1) that the matters on which advice is sought have all been decided by this court in the decision referred to, and, if not, (2) want of equity, in that it appears from the bill when the administration closed and the estate was distributed to the trustees. These demurrers were sustained and the bill dismissed. Plaintiffs appealed.

As the decision in the former suit (18 Haw. 34) was expressly made a part of the bill in this case, there is no doubt but that the record and briefs in that case may be looked into in order to ascertain just what was actually submitted and decided. In that case there appeared most of the facts that are set out in the bill in this case. The will is sufficiently set forth in the decision in the former suit, so that it will be unnecessary to again set it out. One of the questions submitted in that case was "are the children and widow entitled to any share of the net income provided for in the 9th and 10th clauses of the will pending the closing of administration," it appearing from the facts in that case but not in the bill that all of the debts, expenses and legacies were paid by February 10, 1902, so that there was no reason why the administration should not then have been closed and the estate distributed, and it also appearing that the administration was actually closed and the property ordered distributed on July 3, 1905. In response to that question the court said: "We have no hesitation in answering this question in the negative. It is only when the administration is closed and the estate is distributed to the trustees that either the widow or any of the children begin to share in the income and it is only from that time that the accounts are to be kept separate and the

income apportioned." What was concerned in the first suit was the disposition of the income which accrued from the death of the testator, namely, April 21, 1900, to July 3, 1905. What is concerned in this suit is the disposition of that part of the same income which accrued between February 10, 1902, and July 3, 1905. The plaintiffs in the former suit contended before this court, by way of suggestion, that the widow and children were not entitled to that income. The defendants at that time made various contentions in regard to that income, some contending that the widow and children were not entitled to it, others that they were entitled to it, and one that the widow but not the children was entitled to her share of it. Furthermore, a motion for a rehearing in that case was filed by one of the defendants and joined in by another, which raised exactly and identically the question now before us. This court in denying that motion said: "The court decided and intended to decide that the widow and children are not entitled at any time to any share of the net income referred to in the 9th and 10th clauses of the will pending the closing of administration. A reexamination of the matter strengthens that view." That the actual form of the question as propounded in the former suit was different from the form of the one now submitted is immaterial, in view of the fact that each question seeks advice as to whom certain income should go. It is clear that the question now submitted was submitted and decided in the former suit.

But, in view of all the circumstances, and of the apparent hardship upon three of the defendants, we will discuss the matter as though it never had been passed upon before.

The question is, from what date are the children and widow entitled to their proportions of the net income referred to in the 9th and 10th clauses of the will? The first paragraph of the will directs the executrix and executors "to reduce to possession all and singular my estate, real, personal and mixed, wheresoever situated; and to manage, control, care for and collect the income and revenue thereof pending the distribution thereof," as afterwards provided for. This clause would not admit of the

possession and management by the trustees of the same property at the same time as that of the executrix and executors. After making provision for the payment of debts and of the legacy to the widow and in regard to the homesteads in Honolulu, the will in clause 5 directs "that my executrix and executors do pay to my said wife, for the use of herself and our children, as a family allowance, such sum monthly as may from time to time be approved and decreed by the court having jurisdiction of the probate of this will. And the trustees herein provided for, from and after their entry upon their functions of trust hereunder, shall make such further provision for the maintenance of said children as is hereinafter directed." The subsequent direction as to the further provision for maintenance of the children is found in paragraph 10 of the will. Clause 5 of the will shows that the income for children begins only when family allowance ceases, namely, at the time when the administration is closed and the order of distribution made. This family allowance was continued as a matter of fact up to the time of the order of distribution. The will then provides that "at and upon the full payment and discharge of the obligations and bequests in paragraphs numbered respectively second and third hereof," (which date appears to have been February 10, 1902), "I will and direct that my executrix and executors shall, as soon as may be, conclude the probate proceedings hereunder and obtain a decree of distribution of my estate. And I do give, devise and bequeath unto the trustees hereinafter named, and to those of them who shall be living and resident within the Hawaiian Islands at the date of such decree, all the rest, residue and remainder of my estate, not hereinbefore otherwise given, devised or bequeathed." Thus the testator has expressly named the time when the trustees should take the property and enter upon their functions of trust, namely, at the date of the decree of distribution. The will makes provision as to the homesteads and then directs the trustees to reduce to possession all of the property distributed to them, and to hold, manage, control and preserve it, and to collect all the rents, issues, profits and income thereof, and to

keep separate, during the life of the wife, the accounts pertaining to realty from the accounts pertaining to the balance. This direction as to the separation of the accounts shows very clearly, in connection with the next clause of the will giving the wife one-third of the net income from the realty, that this net income is that which is collected by the trustees after their entry upon their functions of trust. Then follows that portion of the tenth clause of the will which is applicable to the case at bar, as follows: "And the remaining two-thirds of the net income, rents, issues and profits of and from said realty, during the natural life of my said wife, and after her death, the entire net sum thereof, shall be by my said trustees included in one fund with the net income and revenue of and from all my estate other than such realty, which shall be under their control by virtue of this will, and such fund shall be by them at stated intervals of not more than six months divided into as many equal parts as there shall be then in esse any of my children by my said wife, and shall be by said trustees paid to my said children from and after their respective majority or marriage share and share alike." This income to be paid to the children is to begin at the same time as the payment of income to the wife and is only income collected by the trustees after the close of administration.

It is argued that the testator never intended the children and widow to be deprived of income for more than three years after the administration should have been closed and the decree of distribution made. The difficulty with that contention is that he has said in clear and unmistakable language what income is to be paid the widow and children and when its payment is to begin. That he did not intend that the widow and children should be without income at any time probably is so, and he provided against just such a contingency by directing a payment of family allowance during administration and of family maintenance and income after administration.

The case of *Lovering v. Minot,* 9 Cush. 151, is relied on by appellants. All that that case decided was that where the

income of a testator's residuary estate is bequeathed to a legatee for life, and no time is prescribed in the will for the commencement of the enjoyment of such income, the legatee for life is entitled to the income of the residue, as afterwards ascertained, to be computed from the death of the testator. Thus, that case is easily distinguishable from the case at bar, as here the will has expressly named the time from which the income is to be computed and paid.

The claim of the grandchildren, made by their guardians ad litem, that the date from which income should be computed and paid to the life tenants should be July 28, 1905, which was the date of the filing of the receipt by the trustees for the property, is without merit, for the reason that the testator has made the date of the decree of distribution the one to be followed.

All the other defendants except the grandchildren, although strictly neither appellants nor appellees, were allowed to present arguments in support of appellants' position.

There was no error in sustaining the demurrers.

The decree appealed from is affirmed.

*Holmes & Stanley* for plaintiffs.

*S. H. Derby, E. M. Watson, A. G. M. Robertson, E. C. Peters* and *C. F. Peterson* for defendants.