THE EQUITABLE GUARANTEE AND TRUST COMPANY, Trustee under the will of Sallie A. Pennypacker, deceased,

*vs.*

HELEN P. McCURDY, LOIS PENNYPACKER, RUTH PENNYPACKER and WILLIAM G. PENNYPACKER, THIRD.

*New Castle, July* 6, 1916.

Where there is a bequest of part of the residue of the testator's estate in trust to invest the same and pay the income to one for life and the trustee receives from the executor in payment of the legacy investment securities held by the testator at the time of his death, and also income which accrued since the death of the testator on these specific securities, the beneficiary for life is entitled to such income.

It seems that the relationship of donor to the beneficiary is immaterial, and that the same rule applies whether the donor be or be not *in loco parentis* the beneficiary.

BILL FOR INSTRUCTIONS TO TRUSTEE. Sallie A. Pennypacker died November 29, 1914, and by her will, probated January 13, 1915, after making sundry gifts directed that the residue of her estate be divided into three parts, gave one part to each of two sons, and gave the remaining third part to The Equitable Guarantee and Trust Company in trust, as follows:

"* * * That it shall put and place the money and other personalty that may be included in said third part, out at interest, or invest the same in some good and sufficient security and pay and apply the interest, dividends, and proceeds arising therefrom, quarterly, unto my daughter, Helen P. McCurdy, for and during the term of her natural life, * * *"

—and at her death gave the principal to the children of her daughter. The testatrix left to survive her three children, including her daughter, Helen P. McCurdy.

The trustee received from the executors in April, 1916, as the one-third share of the residue given to it in trust, a sum of money and by the authority of the Chancellor certain investment securities held by the testatrix. Included in the cash so received by the trustee were several items of interest and income, aggregating $7,907.65, which had accrued subsequent to the death of the testatrix on these specific investment securities so taken by the trustee. This income being claimed by Helen P. McCurdy, a bill was filed by the trustee setting forth the facts and making as party defendants Helen P. McCurdy and all the persons who as far as can now be ascertained are entitled to the trust estate at the death of Helen P. McCurdy, though under certain contingencies there may be changes in the membership of the class of persons entitled in remainder.

By the answer of Helen P. McCurdy the facts are admitted, and the case was heard on bill and answer at the election of the complainant, a decree *pro confesso* for want of an answer by the guardian *ad litem* of those of the defendants who were minors having been entered.

*Richard S. Rodney*, for the complainant.

*Hugh M. Morris*, and with him *Irving L. Fisk*, of the Buffalo, N. Y., Bar, for Helen P. McCurdy.

THE CHANCELLOR. The question in this case, though it has not been heretofore decided in Delaware in any reported case, is quite a narrow one. There was a bequest of one-third of the residue of the testatrix's estate in trust to invest the same and pay the income to a person for life, and the trustee having received not only certain investment securities held by the testatrix, but also the income which accrued thereon from the death of the testatrix, the question is whether the beneficiary for life is entitled to that accrued interest on those securities. There is in the will no indication of the intention of the testatrix on the subject. It is at least clear that there is nothing to indicate a wish that the enjoyment of the income should not begin with the death of the testatrix.

Upon the precise question here raised there is an entire harmony of adjudication, and the life beneficiary is clearly entitled to have the income which accrued since the death of the testatrix on the specific securities held by the decedent, which came to the trustee as part of the residuary estate. *Green v. Green*, 30 *N. J. Eq.* 451, and on appeal, *Green v. Blackwell*, 32 *N. J. Eq.* 768; *Lovering v. Minot*, 63 *Mass.* (9 *Cush.*) 151, 156; *Cushing v. Burrell*, 137 *Mass.* 21, 25.

In the case of *In re Eichelberger's Estate*, 170 *Pa. St.* 242, 32 *Atl.* 605, the court said it was too plain for argument that the life tenant was so entitled when the investments were already made by the testator and bore interest continually from his death. See also *Williamson v. Williamson*, 6 *Paige* (*N. Y.*) 298, 304. This rule is particularly applicable in a state which has as we have a statute by which with the permission of the Chancellor the trustee may take in specie at the appraised value thereof investment securities held by the decedent. Indeed, the rule as to the right of a life tenant to income from the death of the testator is probably broader, though it is not necessary to so hold in this case. Where there is a gift of property to be converted and invested and a gift of income on the fund, there may be some question as to the adjustment between actual and equitable income. See *Perry on Trusts* (6th Ed.) § 550, *note* (*a*); *Chaplin on Trusts*, § 451; *Lewin on Trusts* (12th Ed.) *Chap. XIV*, *p.* 336. The case

of *Baker v. Fooks, et al.*, 8 *Del. Ch.* 84, 67 *Atl.* 969, is in accord with the general principle. These questions and the general subject need not be further considered, though many authorities were cited to support the right claimed by the life tenant. It seems that the relationship of the donor to the beneficiary is immaterial, and that the same rule applies whether the donor be or be not *in loco parentis* the beneficiary. *Chaplin on Trusts*, § 451; *Green v. Green*, 30 *N. J. Eq.* 451. In the case of *Custis v. Potter*, 1 *Houst.* 382, 68 *Am. Dec.* 422, the Court of Errors and Appeals made some *obiter dicta* to the contrary with reference to a legacy of a sum of money payable at the arrival of the legatee at a certain age. But it is not necessary to consider this phase of the case, for here the relationship of mother and daughter existed.

There is no doubt, both on reason and authority, but that the life beneficiary, Helen P. McCurdy, is entitled to the income which since the death of the testatrix accrued on the investment securities held by the testatrix and which came into the hands of the trustee as part of the trust estate.

Let a decree be entered accordingly.