CAMPBELL, Adm'r, v. CAVETT et al.

No. 31453.  March 27, 1945.

*157 P. 2d 187.*

Cheek, Gibson, Savage & Benefield, of Oklahoma City, for plaintiff in error.

Chas. H. Garnett, of Oklahoma City, for defendant in error.

RILEY, J.  This is an appeal from a decree and order of the district court of Oklahoma county construing certain provisions of the will of W. T. Hales, deceased.

W. T. Hales died testate on September 15, 1938.  His will was admitted to probate in the county court of Oklahoma county.  The probate proceedings were terminated by order entered on September 17, 1941, and the assets of the estate were distributed to the trustees named in the will.  They were the same as the testamentary executors.

Certain questions regarding the interpretation of the will were, in the county court, left open to be determined by the district court.  Among these questions was the one whether the children of the testator were entitled to distribution of the net income from the estate from the date of the death of the testator or from the date of the distribution of the estate to the trustees.  That is the question here involved.

Lucile Constance Hales, also known, and named in the will, as Frances Lucile Campbell, nee Hales, one of the daughters of the testator, died intestate at Long Beach, Cal., on May 20, 1941,

leaving surviving her her husband Joe C. Campbell and three minor children. Joe C. Campbell was duly appointed administrator of her estate. The will of W. T. Hales provided: In the first clause, for the payment of debts and funeral expenses; in the second clause, for payment to each of his five children the sum of $25,000; in the third clause, for payment to K. Cavett, $50,000; the fourth clause gave power to the executors to sell property, with certain exceptions, or borrow money to meet bequests and expenses of administration; the fifth clause gave all the residue and remainder of the property, after payment of the bequests of specific sums as in the will provided, to K. Cavett and the First National Bank and Trust Company of Oklahoma City, as joint trustees of the trust created by the will, to be held, used, managed, controlled and disposed of in the manner provided in the will, and not otherwise. The will contained certain instructions with reference to the operation and management of the trust property. Paragraph 6 of the fifth clause provided for certain monthly payments to his former wife, Oneta Hales, from whom he was divorced. The seventh paragraph of the fifth clause, among other things, provided:

"(7) I direct that the following payments be made out of the net income of said trust estate remaining after the payments above provided for have been made to said Oneta Hales, to the persons named, to wit:

". . .

"(e) To my daughter Frances Lucile Campbell nee Hales, Five Hundred Dollars ($500.00) per month, payable monthly so long as she lives.

". . .

"(h) Provided, that in event the net income of said trust estate remaining after making the specified payments to said Oneta Hales shall not be sufficient to meet in full the payments to my children and brothers above provided for, then such net income shall be pro-rated among them in proportion to the amounts of the monthly payments above stated."

Paragraph eight of the fifth clause provided:

"If at the end of any year there remains net income from said trust estate for such year in excess of the payments therefrom above provided for, and of those payments, if any, provided for in paragraphs (9) and (10) next below, then I will and direct that such remaining excess net income be immediately paid and distributed to my children then living, share and share alike."

With the proviso that the Hales Building and Investment Company stock, or the real estate owned by said corporation, or the proceeds of said stock or real estate, should be held intact so long as the trust continued.

The sixth clause of the will provided:

". . . I direct that at five years after my death said trustees pay and distribute to each of my children then living one-twentieth (1/20) of the corpus of said trust estate; that at ten (10) years after my death, they pay and distribute to each of my children then living one-fifteenth (1/15) of the corpus of said trust estate; that at fifteen (15) years after my death, they pay and distribute to each of my children then living one-tenth (1/10) of the corpus of said trust estate; and that at twenty (20) years after my death, they pay and distribute to each of my children then living one-fifth (1/5) of the corpus of said trust estate; provided, that in all the above payments and distributions, the Hales Building and Investment Company stock or its real estate, or the proceeds thereof, shall be excluded from the corpus of said trust estate available for said payments and distributions; and provided, further, that after each such payment and distribution to any child, the payment from income thereafter made to said child or to his or her descendants shall be proportionately decreased.

"In the event any child should die prior to receiving the said payments and distributions above provided, then the portion of said trust estate to which such child would have been entitled, if living, shall be held intact by said trustees in the corpus of said trust estate for final distribution at the termination of said trust. . . ."

On April 21, 1942, the trustees commenced this proceeding in the district court praying for interpretation of certain provisions in the will, and submitted six questions to the court.

The first question goes to the right of the children of W. T. Hales to receive any part of the income of the estate from the date of the death of testator to the date of final distribution and transfer of the residue of the estate from the executors to the trustees. With reference to this question the petition alleges:

"The children of W. T. Hales have asserted and are asserting that they are entitled under the law and the provisions of the Will to have and receive all of the net income accruing to the Estate while the same was being administered in probate, and the defendant Joe C. Campbell, as Administrator of the Estate of Lucile Constance Campbell, also known as Frances Lucile Campbell, has made and is making the same assertion with respect to her estate for the period from the death of W. T. Hales to the date of her death as above set forth. The plaintiffs deny these contentions and ask that these defendants, by their answers herein, set forth the grounds upon which their assertion and claim is based, and that the Court upon a trial and hearing in this cause, make and enter its judgment on that question and adjudge and decree whether said defendants are entitled to such income or not, and if they are entitled thereto, then to adjudge and decree the amount of such income distributable to them, and how and out of what funds or assets of the Trust Estate the Trustees can properly make payment thereof to them."

The four living children of testator answered, and their answer with reference to said question alleges:

"For their specific answer to the 'First Question' submitted by this proceeding, these defendants say that there is no specific provision contained in said Will which would warrant the payments to them of a monthly allowance during the course of administration of said Estate; consequently, in the absence of a clearly expressed intent to authorize such payments, none should have been made and,

in fact, none were made; and these defendants expressly disclaim any right to receive such payments."

Joe C. Campbell, administrator of the estate of Lucille Constance Campbell, deceased, answered, asserting, in substance, his claim as such administrator to $500 per month bequeathed to Lucile Constance Campbell, also known as Frances Lucile Campbell, from the date of the death of W. T. Hales to the date of the death of Lucile Constance Campbell, and further asserted that upon proper accounting there would be found due an additional sum under paragraph eight, clause five of the will (quoted above).

The court answered the first question in the negative, and held that the children of W. T. Hales were not entitled under the provisions of the will to have any part of the income to his estate from the date of his death to the final distribution and transfer of the residue of the estate from the executors to the trustees; and denied recovery by the children of W. T. Hales of any part thereof; and specifically denied recovery by Joe C. Campbell, administrator, of any part of said income from the date of the death of W. T. Hales on September 18, 1938, to the date of the death of Lucile Constance Campbell, on May 20, 1941. Joe C. Campbell, administrator, has perfected this appeal.

Sections 10 and 14, 84 O.S. 1941, provide:

"10. In case of a bequest of the interest or income of a certain sum or fund, the income accrues from the testator's death."

"14. The four preceding sections are in all cases to be controlled by a testator's express intention."

The general rule is that when property is devised or bequeathed in trust to pay the income to a person for life, or a limited time, he is entitled to such income from the date of the death of the testator, unless the testator has indicated an intention that the income shall not begin until a later date. Perry on Trusts and Trustees (6th Ed.) vol. 2, par. 550 (note a).

This rule is recognized, though stated in somewhat different language, in 40 Cyc. page 1882, and likewise in 28 R.C. L., page 355. Davis v. Harbaugh et al., 76 Colo. 73, 230 P. 103; Mulcahy v. Johnson, 80 Colo. 499, 252 P. 816; Equitable Trust Co. v. Kent, 11 Del. Ch. 334, 101 Atl. 875; Blair v. Blair, 122 Me. 500, 120 Atl. 902; McDonough v. Montague, 259 Mass. 612, 157 N.E. 159; Pool v. Union Trust Co., 191 Mich. 162, 157 N. W. 430; Re Will of W. C. Leitsch, 185 Wis. 257, 37 A.L.R. 547, 201 N.W. 284; Estey v. Commerce Trust Co., 333 Mo. 977, 64 S. W. 2d 608.

In Re Will of Leitsch, supra, the reason given by many of the courts for the rule is stated as follows:

"The reason for this rule is frequently declared to be that the life tenant ranks first in the consideration of the testator, and a contrary construction would take from the life tenant a portion of the income, add it to the corpus, and thus at the expense of the life tenant swell the estate of the remainderman, who, presumably, stands second to the life tenant in the consideration of the testator. This is especially true where no other disposition is made of the income arising from the corpus of the estate subsequent to the death of the testator."

The fact that the trustees rather than the executors are designated as the ones to pay the income does not alter the rule, nor does the further fact that the amount does not become due and payable until the close of the administration. Mulcahy v. Johnson, supra.

"In Hewitt v. Hicock (1921), 96 Conn. 176, 113 Atl. 172, the testatrix bequeathed the residue of her estate to a trustee, the income to be paid to the beneficiary for life, the principal over, and the trustee did not qualify until after the expiration of three years from the grant of letters of administration. In the meantime, a substantial amount of money having accumulated as the income of the trust fund, the court held that under such a bequest, where no time is fixed for the commencement of the life use, the life tenant will be entitled to the use or income of the residue from the death of the testatrix, even though the will provide that any portion of the income not used in any year for the support of the beneficiary was to become a part of the principal, on the ground that the profits and income accruing during the interval between the appointment of the trustee and his qualification did not become 'income unused,' within the meaning of the will, to be added to the principal, and that the trustee must first have had opportunity to use the income before it could be said to be 'unused' within the meaning of the will." 70 A.L.R. 639-40.

In Equitable Guarantee & T. Co. v. McCurdy, 11 Del. Ch. 156, 98 Atl. 220, the testator devised the residue of his estate in trust with income to be paid to the beneficiary for life, the principal over. Profits and income of the trust fund had accumulated before it was turned over to the trustee. Such property and income were held to belong to the beneficiary for life rather than to the corpus of the trust fund. This is conceded to be the general rule, but applicable only in the absence of express or implied directions to the contrary in the will. White v. Chaplin, 84 N.H. 208, 148 Atl. 21, is contrary to the general rule. It is there held that unless the will provides otherwise, the beneficiary of the income from a trust fund created by the will is not entitled to the income during the year following the death of the testator, and that the income received during such period becomes merged in the estate so as to form a part of the principal residue. Perkins v. Perkins, 22 Ohio C.C. 238, 12 Ohio C.D. 272, is also apparently contrary to the general rule. So was In re Lyons' Estate, 183 Wis. 276, 197 N.W. 710. But that case was subsequently overruled in the case of Re Will of Leitsch, supra.

Defendants in error concede the general rule, but assert that it applies only in the absence of an intention evidenced by the will to the contrary. Defendants in error contend that by certain provisions of the will it is made apparent that the testator intended that the income from the estate accruing pending probate proceedings should not be paid to his children. In this connection defendants in error cite and rely upon

Hawaiian Trust Co. v. Von Holt et al., 216 U.S. 367, 54 L. Ed. 519. The will in that case directly and by necessary implication directed that the income of the estate in the hands of the executors, if necessary, be applied to the payment of a specific devise and bequest to the widow. This was done by the executor and approved by the court having jurisdiction of the probate of the will. By a subsequent provision of the will the trustees were directed to segregate and keep separate and apart, during the life of the widow of testator, the account pertaining to the realty of the estate from the account pertaining to all other property, and from the net income, rents, issues and profits of said real estate, to pay the equal one-third part thereof in semi-annual payments or (at the discretion of the trustees) more frequent payments to the widow of testator for the remainder of her life, the remaining two-thirds of such net income from such real estate during the life of the widow, and after her death, the entire net income thereof to be included in one fund and paid to the children as therein directed. One of the questions was whether the widow and children were entitled to any share of the net income of the real estate under the last above provision of the will pending the close of the administration of the estate in probate. The Supreme Court of the Territory of Hawaii answered the question in the negative. It was held:

"It is only after the administration is closed and the estate is distributed to the trustees that either the widow or any of the children begin to share in the income and it is only from that time that the accounts are to be kept separate and the income apportioned." Campbell Est. v. Campbell-Parker, 18 Haw. Rep. 34.

As to when the administration was closed in that case, see 18 Haw. Rep. 342.

That holding was affirmed on appeal to the Supreme Court of the United States. It was there held that the language of the will was too clear to admit of any other interpretation. Hawaiian Trust Co. v. Von Holt, supra.

But the will in the case at bar has no such provision and no similar provision. The will, taken as a whole, does not by specific direction, nor by necessary implication, limit the payment of the $500 per month of the net income of the estate to income accruing after the property came into the hands of the trustees. There is no provision requiring the income of the estate pending probate proceedings to be applied to the payment of any prior specific bequest. Under the statute and the general, and almost universal, rule the daughter of W. T. Hales, Lucile Constance Campbell, also known as Frances Lucile Campbell, nee Hales, was, during her lifetime, entitled to receive, and the administrator of her estate is entitled to recover, the $500 per month and such additional or lesser amount as the net income of the estate will allow from the date of the death of the testator, W. T. Hales, to the date of her death, unless precluded under other propositions presented by defendants in error.

One of these propositions is that Lucile Constance Campbell was not merely a life tenant of the corpus of the estate, but was a remainderman and entitled under the sixth clause of the will to periodic distribution of the corpus, which in 20 years would dispose of all the estate except that portion consisting of the assets of the Hales Building and Investment Company, which goes eventually to the grandchildren, except one.

In this fact there is a difference between the will here involved and the will in the Leitsch Case, supra, and the will in Mulcahy v. Johnson, supra. The question here presented was not before the court in either of the cases last above mentioned. Defendants in error cite no case where the question was before the court. But in Re Dare's Estate (Sponable v. Dare), 196 Cal. 29, 235 P. 725, the will of the testator directed payment to an adopted daughter of all the income from the residue of the estate in monthly payments as near as might be until she reached the age of

35 years, at which time one-half of the property comprising the trust estate was directed to be conveyed and turned over to said adopted daughter, and at her 45th birthday all the remainder of the trust property was to be turned over to her. Though the adopted daughter was the beneficiary to the extent of all the income from the trust estate for a definite time, the remainderman as to one-half of the corpus of the trust estate at the end of such time, the beneficiary of the income from the remainder of the estate for an additional ten years, and the remainderman as to the balance of the trust estate at that time, with provisions for other beneficiaries in case the adopted daughter should not live to the age of 45 years, it was held that the first beneficiary (the adopted daughter) was entitled to the income from the trust estate from the date of the death of the testator. That decision was based upon the theory that the bequest as to income was for the maintenance of the adopted daughter. But whether intended for maintenance or otherwise, we see no reason for departure from the general rule above stated.

In support of the judgment and decree, defendants in error, under the third proposition, urge a provision in the will as follows:

". . . until the income arising from said trust estate shall actually be paid to said beneficiaries they shall have no power or control over or right of disposition thereof, . . ."

This is but a part of one sentence in the eleventh clause of the will. The entire sentence discloses that the clear intention of the testator by that clause of the will was to prevent any beneficiary from selling, assigning, or encumbering his or her anticipated interest in the trust estate. This is clearly shown by what is said immediately after and in the same sentence with the part quoted above. What there follows is:

". . . and in case of an attempt by any beneficiary to assign or encumber his anticipated interest in said trust estate, or in the income thereof, the Trustees shall have the power and right in their judgment, to withhold all payment to any such beneficiary, and shall not recognize the validity of any such assignment or encumbrance, nor shall any of the trust estate be subject to alienation by the judgment of any court, it being the purpose and intention of this trust to create a fund for payments to the beneficiaries thereof for their individual support and maintenance, and free from alienation, either voluntary, in any manner or by any authority."

Under the fourth proposition defendants in error contend that Lucile Constance Campbell and her administrator allowed the executors of the will of W. T. Hales to commingle income with the principal of the estate and allowed the county court to distribute the whole of the residue of the estate to the trustees as corpus of the trust and thereby waived any claim to receive any distribution of the income that accrued during administration.

This contention is without merit. The record discloses that in the decree of distribution in the county court the final account of the executors was settled, allowed and approved subject to the terms and conditions of a written agreement entered into between all the legatees, beneficiaries and creditors, except one; that the county court should settle and allow the account of the executors and decree distribution to the trustees and close the administration, subject to all unpaid debts, obligations, future income tax liability, legacies, bequests and expenses, which agreement was attached to and made a part of the decree.

Paragraph nine of the agreement in part provides:

"It is agreed that the question of whether or not the children of the testator are entitled to the distribution on the basis provided in the will of the net income to the estate from date of death or from date of final distribution has not been determined and that none of the parties by the execution of this agreement waive any rights to make claim therefor, but on the contrary, it is agreed that said question shall be reserved for determination by the dis-

trict court after the completion of the probate proceedings. . . ."

The question here presented was by express agreement and by the decree of distribution reserved for determination by the district court after completion of the probate proceedings. The rights of plaintiff in error were not waived but were expressly reserved. Furthermore, the petition in the case filed by defendants in error, in paragraph three thereof, pleaded said agreement and asserted that the question here presented was left open to be determined after the administration was closed. Thereby this case is distinguishable from Lawrence v. Security Co., 56 Conn. 423, 15 Atl. 406, 1 L.R.A. 342, cited by defendants in error in support of their contention. There it was pointed out that the executors had paid out to the trustees $4,600 income earned pending probate proceedings, two-fifths of which should have been paid to Mrs. Cowan, one of the life tenants, as her absolute property. The probate court approved the account, with due notice to Mrs. Cowan that the probate court would determine her rights in the matter. She had her day in court, with right of appeal, which she failed to exercise. The court held that the final decree of the court having jurisdiction of the person and question, neither reserved nor appealed from, was final and binding.

The right of Joe C. Campbell, administrator, to appeal from any adverse decision of the probate court, should such order have been made, and the possible consequent delay in closing the probate proceedings, was one of the reasons for the agreement and decree reserving this question.

In Old Colony Trust Co. v. Forsyth Dental Infirmary for Children, 271 Mass. 511, 171 N.E. 735, cited by defendants in error, the question was not where the income of the estate earned during the pendency of administration went, but whether the same in the hands of the trustee constituted income in the hands of the trustee, to be used for the infirmary, the principal to be held as a part of the trust estate, and the income therefrom only to be used for such purpose. It was held to be a part of the principal trust fund, the income only to be used for the benefit of the infirmary. That case is not in point.

The question involved having been expressly reserved, both by agreement and decree of the court, plaintiff in error did not waive the right to claim the income in question.

The fifth proposition is that plaintiff in error failed to show that after payment of expenses and other proper charges out of gross income, there was any net income remaining available for distribution to such administrator.

This may be true, but the question could only be determined by an accounting. The trial court held against plaintiff in error as a matter of law and under the terms of the will, and denied an accounting on that account, but without prejudice to plaintiff in error's right thereto if it should be determined on appeal that Lucile Constance Campbell was entitled to receive payment from the income of the estate during the period covered by the probate proceedings.

Therefore, plaintiff in error was denied an opportunity to make the showing, and the question of accounting is left open, subject to the final decision of the principal question.

The sixth and last proposition goes to the right of the other four children of W. T. Hales to claim participation in the income during the period covered by the probate proceedings.

So far the other four children appear to have waived such right and they have not appealed from the decision of the trial court in this regard. Therefore, that question is not before this court at this time.

The judgment and decree of the trial court as to the answer to the first ques-

tion and denying the claim of plaintiff in error is reversed and the cause is remanded for further proceedings in accord with the views herein expressed.

HURST, V.C.J., and OSBORN, BAYLESS, CORN, and ARNOLD, JJ., concur. GIBSON, C.J., and WELCH, J., dissent.