Joayn Finston LANDY, Plaintiff in Error,

v.

The FIRST NATIONAL BANK AND TRUST
COMPANY OF TULSA, Tulsa, Oklahoma,
Trustee of the Albert Finston Testamen-
tary Trust; and Ronald Kingston Bow-
man, Defendants in Error.

No. 38980.

Supreme Court of Oklahoma.

Jan. 16, 1962.

Motion to Clarify or Modify Opinion Denied
Feb. 27, 1962.

Elton B. Hunt, W. L. Eagleton, James R. Eagleton, Truman B. Rucker and Bryan W. Tabor, Tulsa, for plaintiff in error.

C. H. Rosenstein and Louis Levy, for Rosenstein, Mesirow & Fist, Tulsa, for defendant in error, First Nat. Bank & Trust Co. of Tulsa, Tulsa, Okl.

JACKSON, Justice.

Albert Finston died on November 24, 1950, leaving a large estate and a will which was probated in the County Court of Tulsa County, Oklahoma. The final decree in probate was entered on September 7, 1956, and became final without an appeal.

By the terms of the will testator gave his wife, Joayn Finston, plaintiff herein, all furniture, works of art, personal effects, and all automobiles owned by him at the time of his death. In "Item 3" of his will he gave his two children One Dollar each, pointing out that he had already made ample provision for them. In "Item 4" he gave $2,000.00 each to one nephew and two nieces, a total of $6,000.00. In "Item 5" he gave $1,500.00 to each of two friends, a total of $3,000.00. In "Item 11" the executor was directed to pay "Items 3, 4, and 5", from the income from the estate.

"Item 6" is designated by testator as "Creation of Trust." In this item it is specifically provided that:

"All of the residue and remainder of my estate, * * * I give, devise and bequeath unto First National Bank and Trust Company of Tulsa, Tulsa, Oklahoma, in trust upon the terms and conditions hereinafter set forth. The terms 'residue' and 'remainder', wherever appearing in this will shall mean all of my estate, less any and all debts chargeable against my estate, including inheritance and estate taxes, and less that part thereof which has been devised and bequeathed by items 2, 3, 4, and 5. * * *."

In Subsection "B" of "Item 6", the testator (trustor) further provided:

"I hereby expressly direct my trustees immediately upon becoming vested with the property placed in trust hereunder to divide said trust estate into two (2) equal parts * * *. One of said equal parts or portions * *, shall be held for the use and benefit of my beloved wife, Joy Summers Finston, during her lifetime * * *. The entire income (from such portion) shall be paid to my beloved wife, Joy Summers Finston * * *."

Other provisions of the trust instrument will be hereinafter noted.

The First National Bank and Trust Company of Tulsa was named both as executor and as trustee. By the terms of the trust, and as heretofore noted, income from one-half of the trust estate was to be paid to the widow. It further provided that in the event of her re-marriage she would thereafter receive only one-eighth of the income; after her death, the corpus would go to other remaindermen.

The widow re-married on March 25, 1954, while the probate case was still pending.

On January 29, 1959, the Bank as trustee filed a petition in the District Court pursuant to the provisions of 60 O.S.1951 § 175.-23, asking that court to construe the trust and specifically asking it to determine the proportions to be paid to the various beneficiaries of the trust, particularly the widow. The point at issue was whether the widow was entitled to receive from the trustee a proportionate share of the income from the trust property which accrued during the probate administration, that is, during the time between the death of Testator on November 24, 1950, and the distribution of the estate by final decree of distribution in the County Court on

September 7, 1956. The trustee contended that the widow was not entitled to participate in the income from the estate until after the final decree in probate was entered on September 7, 1956. The widow contended that she was entitled to her proportionate part of the income from Albert Finston's property commencing at the time of his death on November 24, 1950.

84 O.S.1951 § 10 provides:

"In case of a bequest of the interest or income of a certain sum or fund, the income accrues from the testator's death."

84 O.S.1951 § 14 provides:

"The four preceding sections (Secs. 10, 11, 12, and 13) are in all cases to be controlled by a testator's *express* intention." (Emphasis and parenthesis supplied.)

In Campbell v. Cavett, 195 Okl. 278, 157 P.2d 187, 158 A.L.R. 432, we held in the first paragraph of the syllabus, as follows:

"Under Sections 10 and 14, 84 O.S. 1941, in case of a bequest of the interest or income from a certain sum or fund, the income accrues to the beneficiary from the date of the testator's death, unless otherwise expressly provided by the will."

In the Campbell case we noted, in effect, that our statute follows the general rule, and we quoted the frequently declared reason for the rule to be "that the life tenant ranks first in the consideration of the testator".

The trustee argued in the trial court, and argues here, that although there may be no direct express intention on this point, the will taken as a whole shows by clear inferences and necessary implications that testator intended to abrogate the statute and the general rule that the widow is entitled to trust income from the date of the death of the testator. The trial court so found, but we are unable to completely agree.

Under the quoted sections of the statute the income accrues to the widow in this case from the testator's death, unless the testator has otherwise provided by the terms of his will and trust instrument.

We have carefully considered all of the terms of the will and trust instrument, and have carefully considered all of the arguments presented by the trustee, together with its citations of authority, and are unable to conclude that testator intended to deprive his widow of *all* income from his estate during the period of probate administration. We do find, however, and as heretofore noted, that in Item 11 (eleven) of the will the *executor* was directed to pay Items 3, 4, and 5, from the income from the estate, a total of $9,002.-00. We also find that the *trustee* was directed by the trust instrument, or trust portion of the will, to deduct $1,000.00 per year from income for a period of fifteen years ($15,000.00) to be placed by the trustee in a special fund to be used for the care and maintenance of the Finston burial plot in the Rose Hill Cemetery in the City of Tulsa, Oklahoma.

Under the provisions of the statute, 84 O.S.1951, §§ 10 and 14, supra, and the provisions of the will and trust instrument, we think it clearly follows that the widow, plaintiff in error here, is entitled to receive one-half of the income from her husband's estate from the date of his death to the date of her re-marriage, less one-half of $9002.00 (specific bequests directed to be paid from income) and less one-half of $1000 per year (deducted from income for Finston burial plot); that thereafter, she is entitled to receive one-eighth of the income, less one-eighth of $1000.00 per year till $15000.00 has been accumulated for the burial plot.

In the trial court, this cause was submitted upon an agreed stipulation of facts. In reviewing the judgment of the trial court we have been cognizant of the rule that where a cause is submitted upon an agreed statement of facts, it is the duty of this court on appeal to apply the law to such facts as a court of first instance and to direct judgment accordingly. Whitten v. Kroeger, 183 Okl. 327, 82 P.2d 668.

It was also argued in the trial court, and here, that the final decree in the probate proceedings was conclusive and binding upon all parties on the question of whether the widow should share in the income from the trust property prior to distribution. The District Court found that the final decree of the county court determined the question presented; that the question is res judicata; and that the widow, having been a party to the probate proceedings in the county court, was estopped to deny the binding effect of the final decree. That portion of the final decree which is said to have such effect is quoted, as follows:

" * * * all income accumulated by the Executor during the probate administration *is to be treated as corpus of the estate at the time of distribution* to the trustee and that the same has been so reported by the Executor." (Emphasis supplied.)

It is agreed that the county court is a court of general jurisdiction as to probate matters, and has jurisdiction to "order and regulate all distribution of property or estates of deceased persons" and to "make such orders as may be necessary to the exercise of the powers conferred upon it." 58 O.S.1951 § 1, subds. 7 and 10.

As previously noted, the will contained a few legacies followed immediately by the creation of the testamentary trust. Item 6 of the instrument, designated by testator as "Creation of Trust", provided that "all of the residue and remainder of my estate, * * * I give, devise and bequeath unto First National Bank and Trust Company of Tulsa * * * in trust," for the purposes therein set forth. We do not find that the testator-trustor ever defined the residue and remainder as "corpus". He defined remainder as all of his estate, less debts, taxes, and the specific bequests set forth in its 2, 3, 4 and 5 of his will. We find no reason why it was necessary or appropriate for the county court to find that income during the period of probate "is to be treated as corpus at the time of

distribution to the trustee." Under the will the entire residue was given to the trustee; there was no suggestion that "income" would become "corpus" in the hands of the trustee.

Trustee argues that it was the mandatory duty of the County Court to determine the "nature and extent" of the interests of the various heirs, devisees and legatees in a probate proceeding, citing a paragraph of the syllabus in Matthewson v. Hilton, Okl., 321 P.2d 396, as follows:

"Tit. 58 O.S.1951 § 632, imposes upon a county court acting in probate the mandatory duty of determining who are the beneficiaries, the part to which each is entitled, and the nature and extent of their interest in the estate; and in so doing it has jurisdiction to construe and interpret the will under which the property is distributed."

This is a correct statement of the law, but not applicable here, for the reason that it applies by its own terms only when the County Court is acting in probate. Therefore the phrase "interest in the estate" refers only to the estate being probated, not to a trust estate.

■ Exclusive original jurisdiction to construe trust instruments in this state is vested by 60 O.S.1951 § 175.23 in the District Court. Therefore, any matter contained in the final decree of the County Court which has a prospective effect as to trustees, and which purports to tie the hands of the trustee, or control its actions as trustee, is beyond the jurisdiction of the County Court, because of the terms of the cited section of the statute.

■ A judgment of a probate court on a matter over which it has no rightful jurisdiction does not operate as res judicata or estoppel on the parties in another court. 50 C.J.S. Judgments § 605. In order that a judgment may operate as a conclusive determination of a cause of action, or of facts litigated therein, it is necessary that it should have been rendered by a court of competent jurisdiction of the parties and

of the subject matter. 30A Am.Jur., Judgments, Sec. 357.

Trustee cites cases from Arizona and California to the general effect that pronouncements of probate courts are res judicata as to certain questions involving the construction of trusts. These cases are of no assistance for the reason that in those states the probate court, after final distribution, retains continuing jurisdiction over testamentary trusts. Arizona Revised Statutes, Sec. 14–1021; California Probate Code, Sec. 1120. As shown above, such is not the case here.

Trustee also cites Oklahoma cases to the effect that the County Court may properly construe the will of a decedent. The question here is not the construction of a will, but the construction of a trust instrument. The fact that the will and the trust instrument are physically one and the same is immaterial.

■ We hold that the final decree of the County Court did not render the question of the trustee's treatment of income from the trust estate during probate administration res judicata, and that the widow was not estopped to deny the provisions of the final decree insofar as they affect the trust provisions of the will.

■ For its last proposition, trustee points out that the District Court action from which the instant appeal was taken was not the first time trustee had obtained instructions from that court concerning the trust instrument. The first request for instructions arose because of the fact that testator left property in five states besides Oklahoma. In the other five states, trustee was not qualified to act and it was necessary that ancillary trustees and/or executors be appointed. Pursuant to this request for instructions, the District Court entered judgment holding that income from ancillary estates should be turned over to the domiciliary trustee, and that the testamentary trust should be treated as one trust estate, rather than one in each state. That judgment became final. Trustee reasons from these findings that

the question of whether income accruing during probate should be treated as corpus is now res judicata.

We see no connection between the District Court judgment in that proceeding and the issue here under consideration. The prior judgment did not purport to instruct the trustee how, or in what proportions, to make distribution to the beneficiaries of the trust. It merely clarified certain matters concerning relations between the ancillary trustees and the domiciliary trustee, which arose because testator (trustor) apparently did not realize that ancillary trustees might be needed. The plea of res judicata is therefore not applicable because of lack of identity of issues. Factor Oil Co. v. Brydia, 184 Okl. 113, 85 P.2d 313.

In a supplemental brief trustee points out that since the final account of the executor in the probate case has been approved by a final decree from which no appeal was taken, the question of the propriety or impropriety of the executor's payment of certain debts, expenses and charges from income instead of corpus is now res judicata. This is true as to the executor, and there is not the slightest suggestion or inference that the executor should be surcharged.

However, since by the terms of the applicable statute the County Court has no jurisdiction as to settlements between trustees and trust beneficiaries, the final decree cannot operate to prevent the payment to the widow of the amount to which she is entitled under the trust instrument. The problem is essentially one of accounting, and we assume from remarks contained in the briefs that it is still possible to ascertain, by proper auditing and accounting procedures, how much should be paid to the widow.

The judgment of the trial court is reversed and remanded to the trial court with instructions to cause the trustee to pay to the widow her proportionate share of the income from the trust property from the date of death of the testator, less

an appropriate sum to compensate for the items of $9,002.00 and $15,000.00 which were made charges against income by the testator-trustor.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JOHNSON and IRWIN, JJ., concur.

BERRY, J., concurs in part and dissents in part.